NATHAN UDELL, Respondent, v. CITY TITLE INSURANCE CO., Appellant.

First Department, December 20, 1960.

*Alfred J. Bohlinger* of counsel (*William M. Kaplan* and *Barry Silverman* with him on the brief; *Aranow, Brodsky, Bohlinger, Einhorn & Dann,* attorneys), for appellant.

*Joseph Lewis Simon* for respondent.

RABIN, J.   The plaintiff contracted to purchase a six-story loft building and shortly thereafter retained the defendant title company to search the title and issue a policy of title insurance. The defendant prepared the customary title report which contained a description of the property.  This description revealed the presence of a party wall on the westerly side but failed to show a party wall on the easterly side of the building.  Thereafter, plaintiff took title to the premises and in due course received a title policy from the defendant.  Some 16 months later the building adjoining on the east was demolished and a party wall was disclosed.  It is for damages allegedly suffered by reason of the undisclosed existence of such party wall that the plaintiff here seeks recovery.

The plaintiff brings suit upon two causes of action.  The first is in contract based upon the title policy and the second in negligence based upon defendant's alleged negligence in failing to

report the existence of the party wall. Defendant moved for summary judgment under rule 113 of the Rules of Civil Practice seeking a dismissal of the complaint, which motion was denied. It is from the order denying such motion that this appeal is taken.

The report of the title company showed a party wall on the westerly side of the premises. The plaintiff apparently did not consider that of any consequence because he took title with knowledge of that fact. It might very well be that had the title company turned up a party wall on the easterly side of the premises the plaintiff would likewise have had no objection to taking title. Be that as it may, the plaintiff is entitled to take advantage of any claimed delinquency on the part of the defendant and, if the defendant exposed itself to any liability, to seek a recovery.

Before the plaintiff may recover, however, it must be shown, with respect to the negligence cause of action, that the plaintiff suffered some injury, and, with respect to the contract cause of action, that he is entitled to a recovery under the terms of the policy. With respect to the latter, the mere existence of the party wall without disclosure does not create liability in and of itself. There must be found a breach of some obligation assumed by the defendant on which the plaintiff must rely. What obligations did the defendant assume by the issuance of its policy? Pertinent to this case we find that the defendant only obligated itself (1) to defend the plaintiff against adverse claims of title or claims of encumbrances; (2) to pay damages where there has been an adjudication ousting plaintiff from all or a portion of the premises; (3) to pay damages where there has been an adjudication adverse to title upon a lien or encumbrance; (4) to pay damages upon proper notice where plaintiff shall have contracted to sell and title is rejected because of defect in title or of an encumbrance; (5) to pay damages where plaintiff transfers title with warranties and there is an adjudication against plaintiff on such warranties because of defect in title or of an encumbrance. Giving the plaintiff the benefit of the broadest interpretation of this policy, there is nothing shown to indicate any breach on the part of the defendant with respect to any of these obligations assumed by it. The policy is a contract. The rights of the parties are limited to the terms thereof. Therefore, the first cause of action cannot be sustained.

The second cause of action is based upon the defendant's alleged negligence in failing to discover and report the existence of the party wall. While it would appear that a triable issue is presented as to whether the defendant, in the exercise of reason-

able care, should have discovered the existence of the party wall, a resolution of such issue in plaintiff's favor, without more, would not entitle him to recover. The plaintiff must show injury. There must be demonstrated damage proximately resulting from the negligence of the defendant. The plaintiff contends that the mere existence of the party wall constitutes an infirmity in title and that in consequence damage naturally follows. An existing party wall, even without a party wall agreement, may well constitute an infirmity of title, but we need not be detained to determine that question here. The demolition of the adjoining building, prior to the commencement of the action, relieved the plaintiff's property of such infirmity, if indeed there was one (*357 East Seventy-Sixth St. Corp.* v. *Knickerbocker Ice Co.,* 263 N. Y. 63).

There was no affidavit sworn to by the plaintiff submitted in opposition to the motion. Whatever is alleged by way of damage is contained in the affidavit of his lawyer. All that appears in that affidavit, relative to actual damage, is that in the course of tearing down the adjoining building " the party wall was extensively damaged ". Following this statement it is alleged that such damage will be shown " at the trial of this action * * * to be the proximate result of the existence of the party wall." It is difficult to see how the failure to disclose the existence of the party wall in the title report has any relationship to the damage caused to that party wall through the tearing down of the adjoining building. If such relationship could be shown — this being a motion for summary judgment — the time and place to show it was on this motion. The affidavit is wholly inadequate with respect to proof of proximate cause. Nor do we believe that the plaintiff can relate his meager and conclusory reference to damages to the alleged negligence of the defendant. Th second cause of action must therefore be dismissed.

Accordingly, the order should be reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint should be granted.

Botein, P. J., McNally, Stevens and Noonan, JJ., concur.

Order entered on April 19, 1960, denying defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs.