■ SUSAN VAUGHAN et al., Respondents-Appellants, v COMMONWEALTH LAND TITLE INSURANCE COMPANY et al., Appellants-Respondents, et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract pursuant to a policy of title insurance, (1) the defendants Commonwealth Land Title Insurance Company (hereinafter Commonwealth) and August Nappi separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated January 6, 1987, as denied those branches of their motion for summary judgment which were to dismiss the plaintiffs' complaint as against them, and granted the plaintiffs' cross motion for summary judgment as against them as to liability, and (2) the plaintiffs cross-appeal from so much of the same order as granted the motion of the defendants Lillian M. Smith, Joan Anderson and Janet Doroski to dismiss the complaint as against them.

Ordered that the order is modified, on the law, by (1) deleting from the third decretal paragraph thereof the provision granting that branch of the plaintiffs' motion which was for summary judgment as against Commonwealth, and substituting therefor a provision denying that branch of the motion, and (2) deleting the fourth decretal paragraph thereof, and substituting therefor a provision granting Commonwealth's motion for summary judgment dismissing the complaint as against it; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs to Commonwealth.

The defendants Smith, Anderson and Doroski agreed to sell to the plaintiffs certain real property which was described both by courses and distances and by monumentation. The boundary defined by the courses and distances description did not close. When a description by courses and distances conflicts with one by monumentation, the former must yield to the latter *(see, Bedlow v New York Floating Dry Dock Co.,* 112 NY 263, 278; *Robinson v Kime,* 70 NY 147, 154; *Baldwin v Brown,* 16 NY 359, 361; *Cronk v Wilson,* 40 Hun 269, 274-275).

Furthermore, where, as here, the courses and distances description does not close, it is appropriate to conclude that the parties intended a conveyance of the parcel as described by monumentation *(see, Robinson v Kime, supra)*. Because the parcel thus conveyed suffers from no encumbrances, the plaintiffs' action against the sellers for a breach of the covenant against the grantors' acts was properly dismissed.

Concerning the title insurer's liability, the plaintiffs have not shown any breach on the part of the insurer with respect to any of the obligations assumed by it *(see, Udell v City Tit. Ins. Co.,* 12 AD2d 78, 80). Therefore, the court should have granted the title insurer's (Commonwealth's) motion for summary judgment dismissing the complaint as against it.

Finally, we conclude that the surveyor's (the defendant Nappi's) preparation of a survey with a substantially inaccurate westerly boundary, as well as his preparation of a description wherein the boundary did not close, amounts to negligence as a matter of law. Therefore, the court correctly granted the plaintiffs' motion for summary judgment with respect to the surveyor's liability. Thompson, J. P., Niehoff, Sullivan and Harwood, JJ., concur.