■ In the Matter of ARTHUR F. SMITH, Appellant, v HENRY G. WILLIAMS, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation dated July 13, 1983, which denied the petitioner's application for a freshwater wetlands permit, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated June 30, 1988, which, after a hearing upon remittitur (see, Matter of Smith v Williams, 111 AD2d 855), found the denial did not constitute an unconstitutional taking of the petitioner's property and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In a series of transactions occurring prior to 1962, the petitioner and his wife purchased what are now seven contiguous parcels of land in Water Mill in the Town of Southampton for approximately $6,000. Two of the parcels were later sold. In 1981, the petitioner sought permission from the respondent New York State Department of Environmental Conservation (hereinafter DEC) to construct a single-family dwelling, with associated septic systems and access driveways, on each of three parcels which are located within an area regulated by the Freshwater Wetlands Act (see, ECL art 24). The application was denied and on appeal, this court confirmed the denial

and remitted the matter, pursuant to ECL 24-0705 (7), for a hearing on the petitioner's claim that the denial constituted an unconstitutional taking of his property *(see, Matter of Smith v Williams,* 111 AD2d 855, *supra).* After the hearing, the Supreme Court dismissed the proceeding upon a finding that the petitioner failed to sustain his burden of showing that an unconstitutional taking had occurred. We affirm.

It is well settled that a property owner who challenges land regulation as a taking or confiscation has a heavy burden of proof. He must demonstrate, by "dollars and cents evidence" *(Spears v Berle,* 48 NY2d 254, 263) that under no permissible use would the parcel as a whole be capable of producing a reasonable return *(see, Matter of Wedinger v Goldberger,* 71 NY2d 428, *cert denied* 488 US 850; *de St. Aubin v Flacke,* 68 NY2d 66; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492). At the hearing, the petitioner presented the testimony of a real estate appraiser who testified only as to the value of the individual parcels. He failed to produce any evidence of the value of his entire property, as was required to establish his claim *(see, Spears v Berle, supra; Penn Cent. Transp. Co. v New York City,* 438 US 104). The evidence adduced by the DEC, on the other hand, considered the property as a whole, including the unrestricted lots, and showed that, if resubdivided, it would have a market value exceeding $230,000. Accordingly, the petitioner cannot reasonably argue that the denial by the DEC of the wetland permits has destroyed all but a "bare residue" of the economic value of the property. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.