■ HALFMOON PROFESSIONAL OFFICES, Respondent, v AMERICAN TITLE INSURANCE COMPANY, Appellant. [652 NYS2d 390] —Mikoll, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered April 10, 1996 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff is a New York partnership consisting of four individuals; John Graham, Robin Sacks, Lewis Morrison and Phyllis Morrison. On May 1, 1986 plaintiff purchased title to a four-acre parcel of land in the Town of Halfmoon, Saratoga County, for $165,000. At the closing of title plaintiff paid defendant for a title policy by check. In January 1991, plaintiff agreed to sell a portion of the insured property to Hess Realty Corporation for $475,000. A second title search relating to this property revealed the existence of a mining company's sand contract dated November 1, 1907 which caused Hess to raise an objection to title. As a result plaintiff requested counsel representing its interest on the sale of this property to clear title.

In late July 1991 plaintiff claims that it discovered among its papers a check paid to defendant and that upon inquiring of defendant was advised that the title policy had not been issued. The policy was then sent to plaintiff by letter dated August 2, 1991. Defendant claims it was notified of the title objection some six months after the second title report was received by plaintiff's closing counsel in January 1991. Defendant notified plaintiff by letter dated August 19, 1991 that defendant had hired counsel for it to clear up the sand contract

issue. Defendant also advised plaintiff that under the policy defendant would not be responsible for the fees of any personal counsel hired by the partnership. Defendant also asserts that plaintiff had knowledge that it had title insurance in relation to the property based on the testimony of the partners given in discovery proceedings.

Counsel retained by defendant to clear title obtained a release of the sand contract and duly recorded it upon defendant's payment of $10,000 to the grantor on behalf of the plaintiff. At the closing on the Hess property the closing proceeds ($475,000) were placed in escrow in an interest-bearing account pending resolution of the sand contract issue (about eight months). The closing proceeds plus $16,000 in interest were released to plaintiff on April 14, 1992.

Plaintiff commenced this action alleging in the first cause of action that defendant breached the terms of the title insurance contract in not using reasonable care in searching the County's records to ascertain any defects or encumbrances in the title and as a result plaintiff sustained damages in the sum of $33,208.15, representing $1,233.50 paid for counsel fees and $31,974.65 in interest paid by plaintiff on various loans incurred because the proceeds of the sale were placed in escrow during pendency of the title dispute. In the second cause of action plaintiff alleged as an alternative claim that defendant breached the contract in failing to pay plaintiff for the losses it sustained as a result of the title defect in the sum of $33,208.15. Supreme Court denied defendant's motion for summary judgment from the Bench without a written decision and thereafter signed a resettled order.

Initially, we note that the only cause of action pleaded by plaintiff is for breach of contract. The failure to plead a negligence cause is fatal to its negligence claim (cf., Cruz v Commonwealth Land Tit. Ins. Co., 157 AD2d 333, 335-336; Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455, 465-466, mod on other grounds 52 NY2d 179). Thus, the only issue is whether plaintiff has met any of the preconditions of the policy that would entitle it to the claimed damages because of defendant's breach of contract. Our review of the record on appeal leads to the conclusion that plaintiff has failed to establish its entitlement to the damages demanded. The order of Supreme Court should be reversed and defendant's motion for summary judgment dismissing the complaint granted.

Defendant's contention that plaintiff has not met any of the preconditions in the policy to entitle it to damages from defendant is persuasive. Plaintiff is a partnership and only the direct

losses it sustained are recoverable. The partnership has failed to establish that it meets the conditions specified under paragraph 3 of the title policy and thus its claim for damages against defendant fails (*see, Charney v Commonwealth Land Tit. Ins. Co.*, 215 AD2d 152, *lv denied* 86 NY2d 709; *see also, Udell v City Tit. Ins. Co.*, 12 AD2d 78, 80). The individual claims for lost profits arise from losses relating to personal investments and/or personal loans, not debts or investments of the partnership. The individuals claim that they intended to either make certain investments or pay off certain loans with the money each would have received from the sale proceeds. These damages are remote and consequential in nature and not covered under the title insurance contract which is in the nature of an indemnity contract requiring actual loss (*see, Citibank v Chicago Tit. Ins. Co.*, 214 AD2d 212, 220-222, *lv dismissed* 87 NY2d 896; *Lee Mfg. v Chemical Bank*, 186 AD2d 548, 551-552; *Grunberger v Iseson*, 75 AD2d 329, 331-332).

Plaintiff's claim for counsel fees allegedly incurred by plaintiff to clear title are prohibited by the terms of paragraph 5 (a) of the conditions of the policy which states that "[t]his company shall not be liable for and will not pay the fees of any counsel or attorney employed by the insured". Moreover, counsel for defendant notified plaintiff by letter that defendant had retained counsel for plaintiff concerning the sand contract dispute. Plaintiff had the canceled check indicating that title insurance was obtained from defendant and is chargeable with that knowledge and the duty to have inquired of defendant as to the terms of the policy. Significantly defendant paid $10,000 to the sand contractor to clear title.

As there is no question of fact requiring a trial on the issue of damages, Supreme Court should have granted summary judgment in favor of defendant. Plaintiff's argument that *Cruz v Commonwealth Land Tit. Ins. Co.* (157 AD2d 333, *supra*) supports the position that it has a viable cause of action, as plaintiff's damages are not within the contemplation of the policy and therefore should not be limited by it (*supra*, at 337), is not persuasive. The *Cruz* case is distinguishable factually from the case at bar. In *Cruz*, the plaintiff pleaded a negligence cause of action which has not been done here. In *Cruz*, the alleged act of negligence was the insurer's failure to timely record a deed handed it to record and which allowed another deed to be recorded, obtaining precedence over Cruz's deed. It was the failure to record the deed that caused Cruz's damages. In the instant case the failure to timely send out the title policy to defendant did not cause or contribute to the searcher's failure to discover the existence of the sand contract on the first

title search in 1986. Plaintiff's alleged damages in the case at bar flow from the problem caused by the failure to do a proper search, not from the failure to issue the title policy. Thus, plaintiff cannot rely on *Cruz* in this case. Rather, plaintiff is limited to damages claimed in its breach of contract claim brought under the policy and no questions of fact are present requiring a trial.

Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.