■ CLEVELAND BROTHERS EQUIPMENT COMPANY, Respondent, v DOMINICK DAN ALONZO, INC., et al., Appellants, et al., Defendants. [660 NYS2d 483] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered November 6, 1996 in Columbia County, which, *inter alia,* granted plaintiff's cross

motion for summary judgment against defendants Dominick Dan Alonzo, Inc. and United States Fidelity and Guaranty Company.

In July 1993 plaintiff and defendant Merric Associates, Inc. executed a lease agreement wherein Merric agreed to lease a truck from plaintiff at a rate of $7,500 per month for a minimum four-month rental period. Merric was acting as a subcontractor on two projects: a public construction project at a State Division for Youth facility in the Town of Claverack, Columbia County (hereinafter public project), and a private restaurant construction project in the City of Poughkeepsie, Dutchess County (hereinafter private project). Nothing in the lease agreement states the location of the project or projects where Merric would be using the truck. Defendant Dominick Dan Alonzo, Inc. (hereinafter DDA) was the general contractor on both jobs. Defendant United States Fidelity and Guaranty Company (hereinafter USF&G) issued two separate labor and material bonds with DDA as principal and USF&G as surety on the two projects; notably, the public project required a statutory bond pursuant to State Finance Law § 137. Each bond provides for payment only for labor and/or material furnished in accordance with the contract for the construction of the project specified in the bond. The record reveals that Merric defaulted on its contract with DDA by walking off both projects and failed to tender payment to plaintiff for the remainder of its lease agreement.

In January 1994 plaintiff filed a "Notice Under Mechanic's Lien Law For Account of Public Improvement" regarding the public project; however, the record is devoid of any evidence that plaintiff filed a notice of claim regarding the private project. In November 1994 plaintiff commenced this action against Merric, DDA and USF&G seeking payment of the amount due plaintiff under the lease agreement. DDA and USF&G (hereinafter collectively referred to as defendants) answered and asserted several affirmative defenses including, *inter alia*, that the bond issued on the public project cannot be used to pay for Merric's use of the equipment on another project and that plaintiff failed to file a notice of claim against the bond on the private project. Thereafter, plaintiff moved for summary judgment in its favor and defendants cross-moved for summary judgment. Supreme Court denied both motions, stating that defendants were entitled to further discovery. After further discovery, defendants moved for summary judgment on the ground that the complaint failed to state a cause of action. Plaintiff cross-moved for summary judgment, claiming that

because the general contractor and the surety were identical on both projects, defendants should be found liable as a matter of law for the full amount due plaintiff on the lease agreement. Supreme Court granted plaintiff's cross motion and awarded plaintiff damages in the requested amount of $19,451.99. Defendants now appeal.

Initially, we find merit in defendants' contention that plaintiff failed to comply with the unambiguous terms of the labor and material bond issued for the private project. The bond states, in pertinent part, as follows: "No suit or action shall be commenced hereunder by any [plaintiff], (a) Unless [plaintiff] * * * shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made". As previously noted the record is devoid of any written notice of claim filed by plaintiff regarding the private project. In our view, plaintiff's failure to comply with the condition precedent, i.e., notice of claim, regarding the private project is fatal (*see, Halfmoon Professional Offs. v American Tit. Ins. Co.*, 235 AD2d 801, 802; *Charney v Commonwealth Land Tit. Ins. Co.*, 215 AD2d 152, *lv denied* 86 NY2d 709). Further, we flatly reject plaintiff's request that this Court recognize an equitable doctrine characterized as the "identical principal/ surety exception" which, in this case, would allow plaintiff's notice to defendants on the public project to serve as timely notice on the private project. Accordingly, we conclude that Supreme Court erred in denying that portion of defendants' motion seeking dismissal of plaintiff's third cause of action.

We do, however, agree with Supreme Court that plaintiff is entitled to damages stemming from the use of the truck on the public project. It is fundamental law that in order to obtain summary judgment a movant must first tender evidentiary proof in admissible form establishing an entitlement to summary judgment (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of New York*, 49 NY2d 557, 562); only after such showing does the burden shift to the nonmoving party to raise an issue of fact (*see, Zuckerman v City of New York, supra,* at 562). Here, in support of their motion, defendants submitted, *inter alia*, an affidavit from a vice-president of DDA who acknowledges that proof exists which establishes that the truck was used at the public project. In an affidavit submitted in support of its cross motion, plaintiff's credit manager sheds no light on the amount of time that the

truck was used on the public project; rather, he makes conclusory allegations based on his review of a deposition of Merric's president. Notably, plaintiff has been unable to establish the amount of usage because that information is within the exclusive control of Merric and/or DDA. Accordingly, partial summary judgment should only have been granted to plaintiff regarding use of the leased truck on the public project; the issues of fact remaining are the amount and value of the time the truck was used on the public project.

Mikoll, J. P., Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied defendants' motion regarding plaintiff's third cause of action, and (2) granted plaintiff's cross motion for summary judgment as to the third cause of action and as to that portion of the second cause of action relating to damages; motion granted awarding summary judgment to defendants Dominick Dan Alonzo, Inc. and United States Fidelity and Guaranty Company dismissing the third cause of action, and cross motion granted awarding partial summary judgment on the issue of liability to plaintiff on the second cause of action; and, as so modified, affirmed. [As amended by unpublished order entered Oct. 23, 1997.]