■ BRUCHA MORTGAGE BANKERS CORP., Respondent, v NATIONS TITLE INSURANCE OF NEW YORK, INC., Appellant. [712 NYS2d 151] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Belen, J.), entered March 22, 1999, which denied its motion for summary judgment dismissing the first cause of action asserted in the complaint, to recover damages for breach of contract.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first cause of action is dismissed.

The plaintiff asserts that the defendant, a title insurance company, failed to perform its obligations under a title insurance policy that the plaintiff obtained from it in connection with a mortgage loan given by the plaintiff to an individual who falsely represented his identity. The loan went into default, and the plaintiff successfully foreclosed and purchased the property at the foreclosure sale. In attempting to sell the property, the plaintiff discovered that it had been overappraised and was worth significantly less than the amount of its loan. After the second cause of action was dismissed, the defendant moved for summary judgment dismissing the first cause of action asserted in the complaint, which was to recover damages for breach of contract. The Supreme Court denied the motion, and we reverse.

It is well settled that "[a] title insurer's obligation to indemnify is defined by the policy itself and limited to the loss

in value of the title as a result of title defects against which the policy insures" (*Citibank v Chicago Tit. Ins. Co.,* 214 AD2d 212, 221). "[A] policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title" (*Smirlock Realty Corp. v Title Guar. Co.,* 52 NY2d 179, 188; *see,* Insurance Law § 6401). "Such a policy entitles the insured to indemnity only to the extent that its security is impaired and to the extent of the resulting loss which it sustains" (*Diversified Mtge. Investors v U.S. Life Tit. Ins. Co.,* 544 F2d 571, 574, n 2; *see, Halfmoon Professional Offs. v American Tit. Ins. Co.,* 235 AD2d 801).

Contrary to the plaintiff's contention, inasmuch as a valid title was transferred, and it received a valid and enforceable first mortgage lien on the property, as evidenced by its ability to successfully foreclose, the defendant satisfied its obligations under the policy (*see, Citibank v Chicago Tit. Ins. Co., supra,* at 222). Santucci, J. P., S. Miller, Florio and McGinity, JJ., concur.