■ AUBUCHON REALTY COMPANY, INC., Appellant, v FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, Formerly Known as AMERICAN TITLE INSURANCE COMPANY, Respondent. [743 NYS2d 626] —Crew III, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered April 12, 2001 in St. Lawrence County, which denied plaintiff's motion for summary judgment declaring that a policy of title insurance issued by defendant provided coverage for an easement over a parking lot adjacent to plaintiff's property.

In March 1987, plaintiff entered into a purchase and sale contract with Smith-Barnett, Inc. regarding certain real property located at 21 Miner Street in the Village of Canton, St. Lawrence County. The acquisition consisted of three parcels of

land (then vacant) and, purportedly, an easement over an adjoining parking lot. Smith-Barnett previously had acquired two of the three parcels at issue from 5-9 Miner Corporation (hereinafter Miner), a separate but apparently related entity.

In conjunction with the proposed transaction, plaintiff purchased a title insurance policy from defendant's predecessor in interest, American Title Insurance Company.* The actual title searches were conducted by defendant's agent, Seaway Abstract Company, and disclosed the existence of the parking lot easement. The record reflects that plaintiff's then counsel advised Seaway in August 1987 of an addition to the proposed deed with regard to the parking lot easement and indicated that further information on this point would be forthcoming. Thereafter, in September 1987, a deed memorializing the transaction was filed in the St. Lawrence County Clerk's office which, inter alia, granted plaintiff the right to use the parking area adjacent to and surrounding the conveyed premises and obligated plaintiff to pay its pro rata share of the corresponding maintenance charges in an amount not to exceed approximately nine percent. Plaintiff subsequently improved the parcel with a commercial establishment.

It thereafter came to light that Smith-Barnett had not actually owned the land over which it granted plaintiff an easement at the time of the underlying conveyance. Rather, the parking lot parcel was then owned by Miner which, in turn, conveyed such parcel to Garry Cohen in 1996. Following the conveyance to Cohen, a dispute arose between Cohen and plaintiff's representatives regarding plaintiff's pro rata share of maintenance expenses and, in June 1997, Cohen advised plaintiff to refrain from using the parking lot. Plaintiff then notified defendant of the dispute and asked that defendant establish title and/or defend it in any action brought by Cohen. Defendant declined, taking the position that the parking lot easement was not covered under the title insurance policy.

Plaintiff then commenced an action against Cohen, contending that it had acquired an easement by prescription over the parking lot, and a separate action against defendant seeking, inter alia, a declaration that the underlying policy provides coverage for the dispute over plaintiff's right to use the parking lot. Following joinder of issue and discovery in the action against Cohen, Cohen moved and plaintiff cross-moved for summary judgment. Supreme Court denied the parties' respective motions but, on appeal, we modified the underlying order, find-

---

* For purposes of this decision, all references to defendant will encompass its predecessor in interest as well.

ing that plaintiff had failed to establish an easement by prescription and, therefore, defendant was entitled to summary judgment dismissing the complaint (*Aubuchon Realty Co. v Cohen*, 294 AD2d 738). Plaintiff also moved for summary judgment in the instant action and Supreme Court denied that motion, finding that the title insurance policy raised an ambiguity that could not be resolved without resort to extrinsic evidence. This appeal by plaintiff ensued.

"[A] policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title" (*Smirlock Realty Corp. v Title Guar. Co.*, 52 NY2d 179, 188; *see, Citibank v Chicago Tit. Ins. Co.*, 214 AD2d 212, 220-221, *lv dismissed* 87 NY2d 896). The insurer's obligation in this regard is defined by the terms of the policy itself (*see, Brucha Mtge. Bankers Corp. v Nations Tit. Ins. of N.Y.*, 275 AD2d 337; *Corvetti v Fidelity Natl. Tit. Ins. Co.*, 258 AD2d 32, 34, *lv denied* 94 NY2d 753) and is "limited to the loss in value of the title as a result of title defects against which the policy insures" (*Citibank v Chicago Tit. Ins. Co.*, supra at 221). "As with any written instrument, the interpretation of an insurance policy is the responsibility of the court as a question of law unless there is ambiguity in the terminology used in the instrument *and* resolution of that ambiguity depends upon extrinsic evidence * * *" (*Frey v Aetna Life & Cas.*, 221 AD2d 841, 842-843 [citation omitted] [emphasis in original]). Such is the case here.

The policy of title insurance issued by defendant to plaintiff provides, in relevant part, as follows: "[Defendant insures plaintiff] against all loss or damage not exceeding the amount of insurance stated herein and in addition the costs and expenses of defending the title, estate or interest insured, which the insured shall sustain by reason of any defect or defects of title affecting the premises described in Schedule A or affecting the interest of the insured therein as herein set forth * * * , excepting all loss and damage by reason of the estates, interests, defects, objections, liens, incumbrances and other matters set forth in Schedule B * * * ." The estate or interest insured by the policy is defined as "fee simple vested in [plaintiff] by means of a deed by [Smith-Barnett to plaintiff], dated June 11, 1987, recorded September 9, 1987, in the St. Lawrence County Clerk's office, in Liber 1012, Page 99." The premises in which plaintiff has "the estate or interest covered by this policy" is set forth in the attached Schedule A.

The problem, and resulting ambiguity, is simply stated. Although the deed recorded in the St. Lawrence County Clerk's

office on September 9, 1987, which is referenced in the title insurance policy issued that same day, plainly grants plaintiff "the right to use the parking area adjacent to and surrounding" the conveyed premises, the description of the "premises in which [plaintiff] has the estate or interest" covered by the title insurance policy and set forth in Schedule A makes no reference to the contested easement. Additionally, Schedule B to the title insurance policy specifically excludes, inter alia, title to any property beyond the lines of "the premises," which, in turn, is defined as "the property insured * * * as described in Schedule A of the policy including such buildings and improvements thereon which by law constitute real property." Plaintiff, relying upon the reference in the title insurance policy to the recorded deed and noting that the parking lot easement was not expressly listed as an exception in Schedule B thereto, contends that the policy plainly and unambiguously provides coverage for any dispute surrounding plaintiff's right to use the parking lot. Defendant, on the other hand, argues that inasmuch as reference to the disputed easement is entirely absent from the description of the insured premises set forth in Schedule A, and given that Schedule B plainly excepts from coverage any property beyond the lines of "the premises," i.e., beyond the property described in Schedule A, any dispute regarding the easement and related parking rights is not covered by the policy.

In our view, the parties have advanced two equally plausible and reasonable interpretations, thereby evidencing an ambiguity in the terms of the underlying policy. Contrary to plaintiff's contention, this ambiguity cannot be resolved by reference to the four corners of the insurance contract, and the extrinsic evidence in the record raises more questions than it resolves. For example, although the August 4, 1987 letter from plaintiff's then counsel to Seaway indeed advised of an addition to the proposed deed with respect to plaintiff's right to use the parking lot in common with others, the preliminary title certificate issued by defendant on August 21, 1987 and the deed attached thereto (bearing the same date as the deed ultimately filed in September 1987) contain no reference to the subject easement. While it may be inferred that defendant had not yet received the additional information regarding the easement at the time the preliminary certificate was issued, it is unclear whether defendant ever received such information. Defendant contends that the title commitment was prepared and issued based upon the proposed deed furnished to it and, as it never was provided with a metes and bounds description for the area encompassing the parking lot, no reference to such area appears in the

final policy of title insurance. The title abstracts prepared by Seaway, however, did reference the subject easement, and the record fails to disclose any explanation for the discrepancy between the description of the property contained in the recorded deed and that contained in Schedule A of the title insurance policy. Accordingly, Supreme Court properly denied plaintiff's motion for summary judgment.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.