■ KEITH DARBONNE, Appellant, v ALEX GOLDBERGER et al., Defendants, and FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK et al., Respondents. [821 NYS2d 94]—

In an action, inter alia, to recover damages for breach of a title insurance policy, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Rockland County (O'Rourke, J.), entered September 14, 2004, as granted those branches of the motion of the defendants Town of Orangetown and Planning Board of Orangetown which were pursuant to CPLR 3211 (a) (7) to dismiss the 20th and 21st causes of action in the third amended complaint insofar as asserted against them, denied that branch of his cross motion which was for leave to serve a fourth amended complaint, and, sua sponte, in effect, directed the dismissal of the cause of action to recover damages for breach of a title insurance policy in the third amended complaint.

Ordered that on the court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, directed the dismissal of the cause of action to recover damages for breach of a title insurance policy in the third amended complaint is treated as an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court correctly granted those branches of the motion of the defendants Town of Orangetown and Planning Board of Orangetown (hereinafter collectively the Town) which were pursuant to CPLR 3211 (a) (7) to dismiss the 20th and 21st causes of action in the third amended complaint insofar as asserted against them. The plaintiff's 20th cause of action sought a permanent injunction against the Town's enforcement of a restrictive covenant, which provided that the plaintiff's property could not be subdivided. The plaintiff alleged that an injunction was necessary because the restrictive covenant constituted a "continuing trespass" on his property. However, the

need for a permanent injunction has been rendered academic by the Supreme Court's declaration in the order appealed from that the restrictive covenant is invalid and unenforceable, and thus no longer constitutes a continuing restriction on the plaintiff's property.

In addition, the 21st cause of action fails to state a claim for a de facto taking or inverse condemnation. " '[A] property owner who challenges land regulation as a taking has a heavy burden of proof. He must demonstrate, by "dollars and cents evidence" . . . that under no permissible use would the parcel as a whole be capable of producing a reasonable return' " (*Briarcliff Assoc. v Town of Cortlandt*, 272 AD2d 488, 491 [2000], quoting *Matter of Smith v Williams*, 166 AD2d 536, 537 [1990]; *see Spears v Berle*, 48 NY2d 254, 263 [1979]). In his third amended complaint, the plaintiff alleged that the subject property was currently worth $825,000 and, thus, he failed to allege that the property was incapable of producing a reasonable return as necessary to support a de facto taking or inverse condemnation claim.

Contrary to the plaintiff's contention, the third amended complaint insofar as asserted against the defendants Fidelity National Title Insurance Company of New York (hereinafter Fidelity), Ellner & Ellner, and Ellner & Ellner, Inc. (hereinafter collectively the title insurance defendants), failed to state a claim with respect to the sole cause of action remaining against the title insurance defendants, for breach of the plaintiff's title insurance policy. It is well settled that a " 'title insurer's obligation to indemnify is defined by the policy itself and limited to the loss in value of the title as a result of title defects against which the policy insures' " (*Brucha Mtge. Bankers Corp. v Nations Tit. Ins. of N.Y.*, 275 AD2d 337, 337-338 [2000], quoting *Citibank v Chicago Tit. Ins. Co.*, 214 AD2d 212, 221 [1995]). "The kind of loss contemplated by such a policy is that loss or damage sustained when, 'because of a defect in the title, the insured was bound to pay something to make it good' " (*Grunberger v Iseson*, 75 AD2d 329, 332 [1980], quoting *Empire Dev. Co. v Title Guar. & Trust Co.*, 225 NY 53, 60 [1918]). Moreover, "title insurance only provides indemnification for any diminution in the value of property sustained as a result of defects in a title insured by the policy" (*Citibank v Chicago Tit. Ins. Co.*, *supra* at 221-222). In the instant case, Fidelity paid the attorney's fees incurred by the plaintiff in defending his title against the Town, which resulted in the invalidation of the restrictive covenant. Since the alleged defect in the plaintiff's title no longer exists, he has no further claim of loss under his title insurance policy. In addition, according to the allegations

contained in the third amended complaint, the plaintiff's property has not diminished in value as a result of any defect in title as it is allegedly worth almost double the price that the plaintiff paid for the property.

Finally, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to serve a fourth amended complaint. While generally leave to amend should be freely given (*see* CPLR 3025 [b]), there must be a proper basis for granting the motion, where, as here, it was made in response to a motion to dismiss (*see Clark v Trois*, 21 AD3d 439, 440 [2005]; *Gannett Suburban Newspapers v El-Kam Realty Co.*, 306 AD2d 314 [2003]). Here, the plaintiff failed to demonstrate that the proposed amendments had merit (*see Clark v Trois, supra; Heckler Elec. Co. v Matrix Exhibits-N.Y.*, 278 AD2d 279 [2000]). Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.