■ JOHN MCCOLGAN, Appellant, v DONALD BREWER et al., Defendants. (Action No. 1.) JOHN MCCOLGAN, Appellant, v ROTHE ENGINEERING & CONSTRUCTION, Defendant, and CHICAGO TITLE INSURANCE COMPANY, Respondent. (Action No. 2.) [906 NYS2d 353]—

Stein, J. Appeal from an order of the Supreme Court (Zwack, J.), entered August 20, 2009 in Ulster County, which, among other things, partially denied plaintiff's motion for leave to serve an amended consolidated complaint.

Plaintiff owns a 10-acre parcel of land in the Town of Rosendale, Ulster County, to which access from Route 32 depends upon a right-of-way over adjoining properties. Prior to

purchasing the land, plaintiff obtained a professional survey and the surveyor represented that title to the property included a right-of-way to allow access to the parcel from Route 32. Plaintiff then purchased a title insurance policy from defendant Chicago Title Insurance Agency through its agent, Abbacy Abstract Company, to insure, among other things, against loss or damage sustained or incurred by a lack of access to and from the property. While in the process of developing the property, plaintiff allegedly learned that a right-of-way did not, in fact, exist. He thereafter filed a claim under the title insurance policy, which was rejected by Chicago Title.

Plaintiff commenced legal actions against various defendants, including an action against Chicago Title for breach of contract. Plaintiff subsequently moved to consolidate the actions and for permission to serve an amended consolidated complaint that included, among others, a new cause of action for negligence against Chicago Title and Abbacy Abstract. As relevant to this appeal, Supreme Court denied plaintiff's request for leave to amend the complaint insofar as it included a negligence cause of action against Chicago Title. Plaintiff now appeals and we affirm.

The obligation of an insurer with respect to a title insurance policy is defined by the terms of the policy itself (*see Aubuchon Realty Co. v Fidelity Natl. Tit. Ins. Co. of N.Y.*, 295 AD2d 725, 727 [2002]; *Brucha Mtge. Bankers Corp. v Nations Tit. Ins. of N.Y.*, 275 AD2d 337, 338 [2000]; *Corvetti v Fidelity Natl. Tit. Ins. Co. of N.Y.*, 258 AD2d 32, 34 [1999], *lv denied* 94 NY2d 753 [1999]) and is, thus, " 'limited to the loss in value of the title as a result of title defects against which the policy insures' " (*Aubuchon Realty Co. v Fidelity Natl. Tit. Ins. Co. of N.Y.*, 295 AD2d at 727, quoting *Citibank v Chicago Tit. Ins. Co.*, 214 AD2d 212, 221 [1995], *lv dismissed* 87 NY2d 896 [1995]). Furthermore, in the absence of evidence demonstrating a special relationship, such as "reli[ance] on [the] expertise of the agent regarding a raised question of coverage, or . . . an extended course of dealing sufficient to put objectively reasonable agents on notice that their advice [is] being specially relied upon" (*Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 438 [2003]; *see Murphy v Kuhn*, 90 NY2d 266, 272 [1997]), an independent duty will not arise and an insurance agent will not be liable for anything more than obtaining the requested coverage (*see Murphy v Kuhn*, 90 NY2d at 270; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d at 438; *Catalanotto v Commercial Mut. Ins. Co.*, 285 AD2d 788, 790 [2001], *lv denied* 97 NY2d 604 [2001]).

Here, plaintiff's negligence cause of action is premised on oral representations allegedly made by Chicago Title's agent, confirming the existence of the right-of-way after the title insurance policy was issued, as a result of which plaintiff suffered economic loss. Plaintiff contends that such representations were made in order to prevent him from submitting a claim pursuant to the title insurance policy, and that a special duty to plaintiff was created separate and apart from the contractual obligations included in the policy.

Our review of the record reveals that, in support of his motion to amend the complaint to include a claim for negligence against Chicago Title, plaintiff provided nothing more than the conclusory allegations contained within the pleadings. Specifically, plaintiff alleged that, after the policy had been issued and while he was in the process of moving forward with development for his new business venture—of which all parties were purportedly aware—he relied on Abbacy Abstract's misrepresentation regarding the existence of the right-of-way in response to an inquiry made by plaintiff's attorney on his behalf. Such allegations, without more, failed to demonstrate how his relationship with Abbacy Abstract evolved in such a manner as to give rise to a special legal duty or that Chicago Title assumed any additional duties beyond those set forth in the policy and, therefore, were insufficient to support his proposed amendment to the complaint to include a cause of action for negligence against Chicago Title (*see generally D'Orazio v Mainetti*, 39 AD3d 981, 982 [2007]; *Pacheco v United Med. Assoc.*, 305 AD2d 711, 714 [2003]; *compare Citibank v Chicago Tit. Ins. Co.*, 214 AD2d at 216-218; *Cruz v Commonwealth Land Tit. Ins. Co.*, 157 AD2d 333, 337 [1990]). Accordingly, we discern no abuse of discretion in Supreme Court's denial of plaintiff's motion to amend the complaint to add a negligence claim against Chicago Title and we decline to disturb it (*see generally Gersten-Hillman Agency, Inc. v Heyman*, 68 AD3d 1284, 1289 [2009]; *Pagan v Quinn*, 51 AD3d 1299, 1300 [2008]).

Plaintiff's remaining contentions, to the extent they are not specifically addressed herein, have been considered and are unavailing.

Mercure, J.P., Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.