■ RENAISSANCE VENTURE CAPITAL CORP., Appellant, v FIDELITY NATIONAL TITLE INSURANCE COMPANY, Respondent. [11 NYS3d 173]—

In an action to recover damages for breach of a title insurance policy, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 30, 2013, which denied its motion for leave to amend the complaint and granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. An insured may recover for breach of contract from a title insurance company when a title defect is discovered that arose prior to the date of the policy (*see U.S. Bank Natl. Assn. TR U/A DTD 12/01/98 v Stewart Tit. Ins. Co.*, 37 AD3d 822, 824 [2007]). The liability of the title insurer is based on the contract, and the rights of the parties are limited to its terms (*see Brucha Mtge. Bankers Corp. v Nations Tit. Ins. of N.Y.*, 275 AD2d 337, 337-338 [2000]; *Udell v City Title Ins. Co.*, 12 AD2d 78, 80 [1960]). "The kind of loss contemplated by such a policy is that loss or damage sustained when, because of a defect in the title, the insured was bound to pay something to make it good" (*Darbonne v Goldberger*, 31 AD3d 693, 695 [2006] [internal quotation marks omitted]). "Moreover, 'title insurance only provides indemnification for any diminution in the value of property sustained as a result of defects in a title insured by the policy'" (*Darbonne v Goldberger*, 31 AD3d at 695, quoting *Citibank v Chicago Tit. Ins. Co.*, 214 AD2d 212, 221-222 [1995]).

Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]). Here, the defendant submitted evidence conclusively establishing that the plaintiff had no cause of action. The evidence submitted by the defendant established that the defendant paid for counsel to defend the plaintiff's assignor, Better Homes Depot, Inc. (hereinafter Better Homes), in actions that were commenced against Better Homes challenging Better Homes' title to certain real property. The defendant also submitted evidence establishing that the counsel it retained for Better Homes negotiated a settlement which confirmed that Better Homes had title to the subject property and, thus, cured the alleged defect in Better Homes' title.

The Supreme Court also providently exercised its discretion in denying the plaintiff's motion for leave to amend the complaint, as the proposed amendments were palpably insufficient and patently devoid of merit (*see Maya's Black Cr., LLC v Angelo Balbo Realty Corp.*, 82 AD3d 1175, 1175-1176 [2011]; *Darbonne v Goldberger*, 31 AD3d at 695; *Citibank v Chicago Tit. Ins. Co.*, 214 AD2d at 221-222). Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.