Marrero v Thomas
2026 NY Slip Op 03788
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Edwin Marrero, et al., plaintiffs,
v
Marlon Thomas, et al., defendants, Karen Wharton, defendant third-party plaintiff-appellant-respondent; Stewart Title Insurance Company, third-party defendant-respondent-appellant, et al., third-party defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2021-04787, 2021-05389, (Index No. 921/05)
Angela G. Iannacci, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for defendant third-party plaintiff-appellant-respondent.
Sherwood & Truitt Law Group, LLC, Garden City, NY (Robyn M. Fearon of counsel), for third-party defendant-respondent-appellant.

[*1]
DECISION & ORDER
In an action, inter alia, to set aside a deed, and a third-party action, among other things, to recover damages for negligence, (1) the defendant third-party plaintiff appeals, and the third-party defendant Stewart Title Insurance Company cross-appeals, from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 30, 2018, and (2) the defendant third-party plaintiff appeals from an order of the same court dated May 18, 2021. The order dated November 30, 2018, insofar as appealed from, denied the defendant third-party plaintiff's cross-motion for leave to amend the amended third-party complaint. The order dated November 30, 2018, insofar as cross-appealed from, denied those branches of the motion of the third-party defendant Stewart Title Insurance Company which were for summary judgment dismissing the third-party causes of action alleging contractual indemnification and negligence insofar as asserted against it. The order dated May 18, 2021, granted the motion of the third-party defendant Stewart Title Insurance Company for leave to renew that branch of its prior motion which was for summary judgment dismissing the third-party cause of action alleging contractual indemnification insofar as asserted against it and for leave to reargue that branch of its prior motion which was for summary judgment dismissing the third-party cause of action alleging negligence insofar as asserted against it and, upon renewal and reargument, in effect, vacated so much of the order dated November 30, 2018, as denied those branches of that third-party defendant's prior motion, and thereupon, granted those branches of that third-party defendant's prior motion.
ORDERED that the cross-appeal from so much of the order dated November 30, 2018, as denied those branches of the motion of the third-party defendant Stewart Title Insurance Company which were summary judgment dismissing the third-party causes of action alleging contractual indemnification and negligence insofar as asserted against it is dismissed as academic, as that portion of that order was, in effect, vacated by the order dated May 18, 2021, made upon renewal and reargument; and it is further,
ORDERED that the order dated November 30, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated May 18, 2021, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendant Stewart Title Insurance Company.
In 2004, the defendant third-party plaintiff, Karen Wharton, purchased certain real property located in Brooklyn, and the third-party defendant Stewart Title Insurance Company (hereinafter Stewart), through an agent, issued a policy of title insurance to Wharton. The following year, the plaintiffs commenced an action against Wharton, among others, inter alia, to set aside Wharton's deed, as well as a predecessor deed. Stewart hired counsel to defend Wharton in the action, but Wharton elected to hire her own counsel, who was substituted in the main action for counsel hired by Stewart. Wharton then commenced a third-party action against Stewart alleging, as relevant here, that if Wharton was found to be liable to the plaintiffs, then she was entitled to contractual indemnification from Stewart, and that she was further entitled to recover damages for negligence against Stewart.
Twelve years later, the main action was settled between all parties except Wharton. Stewart then moved, among other things, for summary judgment dismissing the third-party causes of action alleging contractual indemnification and negligence insofar as asserted against it. Wharton cross-moved, inter alia, for leave to amend the amended third-party complaint, so as to allege causes of action sounding in breach of contract and breach of the implied duty of good faith and fair dealing. In an order dated November 30, 2018, the Supreme Court, among other things, denied those branches of the motion and the cross-motion.
The main action was subsequently discontinued as against all parties, including Wharton. Stewart then moved for leave to renew that branch of its prior motion which was for summary judgment dismissing the third-party cause of action alleging contractual indemnification insofar as asserted against it and for leave to reargue that branch of its prior motion which was for summary judgment dismissing the third-party cause of action alleging negligence insofar as asserted against it. The Supreme Court granted leave to renew and reargue and, upon renewal and reargument, in effect, vacated so much of the order dated November 30, 2018, as denied those branches of Stewart's prior motion which were for summary judgment dismissing the third-party causes of action alleging contractual indemnification and negligence insofar as asserted against it, and thereupon, granted those branches of Stewart's prior motion.
"Generally, in the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Glaubach v Slifkin, 198 AD3d 623, 623; see CPLR 3025[b]). "The decision whether to grant such leave is within the court's sound discretion and the exercise of that discretion will not be lightly disturbed" (Merlino v Knudson, 214 AD3d 642, 644 [internal quotation marks omitted]).
Here, the Supreme Court did not improvidently exercise its discretion in denying Wharton's belated cross-motion for leave to amend the amended third-party complaint to add causes of action alleging breach of contract and breach of the implied covenant of good faith and fair dealing (see Glaubach v Slifkin, 198 AD3d 623). These proposed new causes of action are time-barred (see CPLR 213[2]) and, therefore, patently devoid of merit (see Deutsche Bank Natl. Trust Co. v McAvoy, 188 AD3d 808, 810), as "the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203[f]). The proposed new causes of action were based on distinct factual allegations as to the underlying conduct and the time period in which it occurred (see Calamari v Panos, 131 AD3d 1088, 1089-1090).
The Supreme Court properly granted that branch of Stewart's motion which was for [*2]leave to renew that branch of its prior motion which was for summary judgment dismissing the third-party cause of action alleging contractual indemnification insofar as asserted against it. Stewart submitted new evidence that subsequent to the court's original determination, the main action was discontinued with prejudice against all parties to the main action, including Wharton (see CPLR 2221[e]). Upon renewal, the court properly granted that branch of Stewart's prior motion which was for summary judgment dismissing the third-party cause of action alleging contractual indemnification insofar as asserted against it, since that cause of action, as alleged, depended upon Wharton being found liable for damages in the main action.
The Supreme Court also properly granted that branch of Stewart's motion which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing the third-party cause of action alleging negligence insofar as asserted against it. On the original motion, the court misapprehended the facts of this case and the applicable law regarding a claim of negligence against Stewart (see CPLR 2221[d][2]) .
"[A] policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title" (53 Spencer Realty, LLC v Fidelity Natl. Title Ins. Co., 236 AD3d 716, 719 [internal quotation marks omitted]). "The liability of the title insurer is based on the contract, and the rights of the parties are limited to its terms" (Renaissance Venture Capital Corp. v Fidelity Natl. Tit. Ins. Co., 128 AD3d 790, 790).
Here, Stewart demonstrated its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action alleging negligence insofar as asserted against it. The subject title insurance policy expressly provides that any damages claim based on negligence which arises out of the status of the insured title was restricted to the policy. Furthermore, Stewart did not assume any additional duty to Wharton independent of the contract (see McColgan v Brewer, 75 AD3d 876, 878; cf. Choudhary v First Option Tit. Agency, 107 AD3d 657; see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). In opposition, Wharton failed to raise a triable issue of fact.
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court