RITA GRUNBERGER, Respondent-Appellant, v PINCUS ISESON, Defendant, and SECURITY TITLE & GUARANTY COMPANY, Appellant-Respondent.

SECURITY TITLE AND GUARANTY COMPANY, as Subrogee of the Rights of RITA GRUNBERGER, Defendant and Third-Party Plaintiff, v ELU PROPERTIES, INC., Third-Party Defendant.

First Department, June 26, 1980

330

APPEARANCES OF COUNSEL

*Jesse A. Hecht* of counsel *(William M. Hecht,* attorney), for appellant-respondent.

*Gary B. Berns* of counsel *(Gitomer, Schwimmer & Gitomer, P. C.,* attorneys), for respondent-appellant.

OPINION OF THE COURT

KUPFERMAN, J. P.

The plaintiff mortgagee brought this action against its title insurer, Security Title and Guaranty Company (Security). Security had issued a policy on September 26, 1972 insuring title to a certain property on Staten Island to the extent of a mortgage of $170,000, made by Elu Properties, Inc. to plaintiff on the same date. Prior to the closing, Security's certificate and report of title listed four existing mortgages on the property. At the closing, the third of these mortgages was omitted as satisfied, and the fourth, held by defendant Iseson, was marked "omit" since Security had determined it was "subordinate for mortgage only".

In April, 1977, plaintiff brought a proceeding to foreclose her mortgage after an alleged default and joined Iseson as a defendant. Iseson counterclaimed alleging his mortgage was superior to that of plaintiff. In May, 1977, plaintiff commenced this action against Iseson and Security seeking first a declaratory judgment as to which mortgage, that of plaintiff or Iseson, had priority as the third mortgage, and which was the fourth mortgage. If Iseson's mortgage was adjudged superior, the second cause of action claimed that Security would be liable to plaintiff under the terms of the policy.

In a prior order in this action, entered on September 20, 1977, Special Term declared the Iseson mortgage superior to plaintiff's mortgage. That order also granted plaintiff's motion for summary judgment against Security on the issue of liability only, thereby severing the issue of damage.

During this same period the second mortgagee foreclosed on his mortgage. Plaintiff was adequately represented at the foreclosure sale on October 11, 1977. The purchase price, however, resulted in a deficiency of $3,662.43 to the holder of the second mortgage. There was, therefore, no surplus money available for the third and fourth mortgagees, who had been declared to be, as a result of the September 20, 1977 order, Iseson and the plaintiff, respectively.

Thereafter, Security moved for summary judgment dismissing the complaint. In so doing, Security asserted that since a title insurance policy is an indemnity contract, and since the third lienor did not receive any benefit from the sale, plaintiff had thus sustained no actual damage within the terms of the policy as a result of being adjudged a fourth lienor instead of a third lienor. For the purpose of the motion, Security concedes its error in omitting the Iseson mortgage as an exception to its policy. Plaintiff's loss, Security contends, is due, not to the error, but to plaintiff's unfavorable investment.

The only issue remaining after the order of September 20, 1977, was the measure of damages once Security's liability for the error in its policy was determined. According to the decision accompanying the order being appealed, there are issues of fact to be determined at the assessment of damages, such as the market value of the property at the time of the foreclosure sale, the principal sum then due on the plaintiff's mortgage, and whether there was surplus money after the foreclosure sale. We hold that these issues are not relevant in this particular case and under the terms of this policy.

Title insurance is, indeed, an indemnity contract and as such is to provide reimbursement for actual loss only. *(Empire Dev. Co. v Title Guar. & Trust Co.,* 225 NY 53; 15 Couch, Insurance [2d ed], § 57:179.) Although there seem to be no cases in New York directly in point, other jurisdictions have long held that a mortgagee is entitled to recover to the limit of his policy, the amount of a prior lien which was not discovered by the policy where (a) he has discharged such lien, (b) he foreclosed his mortgage and bought the property subject to such lien, or (c) the existence of such lien was not discovered until after he had foreclosed his mortgage and bought the property. (Ann. 60 ALR2d 972, 989; 15 Couch, Insurance [2d ed], § 57:191.) None of these situations occurred in this case.

The parties agree that after the foreclosure sale, there was a deficiency due the holder of the second mortgage. The foreclosure sale was not alleged to have been fraudulent and, in fact, plaintiff, as we have already noted, was adequately represented there. That sale established the amount available to the four lienors in order of priority. The market price, which theoretically could be found to differ from the actual sale price *(Matter of New York Tit. & Mtge. Co.,* 277 NY 66) is irrelevant to actual loss within the terms of an indemnity

policy. The kind of loss contemplated by such a policy is that loss or damage sustained when, "because of a defect in the title, the insured was bound to pay something to make it good." *(Empire Dev. Co. v Title, Guar. & Trust Co., supra,* at p 60.)

Under the facts of this case, there was no damage to plaintiff within the terms of the policy. Therefore, the second cause of action should have been dismissed.

Accordingly, the order of the Supreme Court, New York County (RUBIN, J.), entered November 21, 1979, denying the motion of defendant Security Title and Guaranty Company for summary judgment dismissing the complaint, and denying the motion of plaintiff for partial summary judgment to fix $80,737.40 as the lowest amount to which plaintiff would be entitled from defendant Security on the second cause of action, should be modified, on the law, without costs and without disbursements, to the extent of striking the second cause of action, and, as so modified, affirmed.

BIRNS, FEIN, MARKEWICH and BLOOM, JJ., concur.

Order, Supreme Court, New York County, entered on November 21, 1979, modified, on the law, to the extent of striking the second cause of action, and, as so modified, affirmed, without costs and without disbursements.