■ JOHN YUSKA, SR., et al., Appellants, v STATE FARM INSURANCE COMPANY, Respondent. [611 NYS2d 203] —In an action to recover on an insurance policy pursuant to Insurance Law § 3420 (b) (1), the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (McCaffrey, J.), dated August 13, 1991, which denied their motion to dismiss the defendant's affirmative defenses and for summary judgment, and granted the defendant's cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered September 10, 1991, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment dismissing the complaint. The defendants in the underlying personal injury action admitted that the vehicle insured by the defendant State Farm Insurance Co. (hereinafter State Farm) was not involved in the accident, and failed to challenge State Farm's disclaimer of liability. Because the plain-

tiffs are limited to whatever rights the insured possessed against the insurer, State Farm is not liable to the plaintiffs on the insurance policy (see, Insurance Law § 3420 [b] [1]; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659).

We find no merit to the plaintiffs' contention that the default judgment in the personal injury action, entered on a complaint which alleged that the vehicle insured by State Farm was involved in the accident, precludes State Farm from disclaiming liability on the policy. The issue of the identity of the vehicle was not actually litigated in the personal injury action (see, *Kaufman v Lilly & Co.,* 65 NY2d 449, 456-457). State Farm is therefore not estopped from denying liability on the ground that the insured vehicle was not involved in the accident. Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.