■ MARGARET HALL, Respondent, v KEMPER NATIONAL COMPANIES, Also Known as KEMPER GROUP, et al., Appellants. [617 NYS2d 515] —In an action to enforce a money judgment pursuant to Insurance Law § 3420, the defendants Kemper National Companies and American Manufacturers Mutual Insurance Company appeal from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated April 2, 1993, which, upon an order granting the plaintiff's motion for summary judgment, was in favor of the plaintiff and against them in the principal sum of $442,606.

Ordered that the judgment is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is denied.

The plaintiff allegedly sustained serious personal injuries in two falls that occurred on premises owned by her son, and insured by the defendant American Manufacturers Mutual Insurance Company (hereinafter American). The record indicates that both the plaintiff and her son resided at the insured premises, but it is not clear whether they occupied a single household or lived in separate apartments.

American denied coverage based on an exclusion of personal liability for injuries sustained by the named insured, and any other relatives of the named insured, residing in the same household. The plaintiff obtained two default judgments against her son and thereafter commenced this action against the carrier pursuant to Insurance Law § 3420 (a) (2). American has asserted the validity of its disclaimers as one of its defenses in the action.

The Supreme Court granted summary judgment in favor of the plaintiff, finding that, as a matter of law, the disclaimer notices were insufficiently specific as to the reasons for the denial of coverage. We disagree.

Although the notices here could have been more detailed, they were sufficient to apprise the plaintiff that American was denying coverage on the ground that the plaintiff and her son were allegedly residing in the same household, thereby triggering an exclusion in the policy. We note that the plaintiff's attorney received copies of the disclaimer notices sent to the plaintiff's son, identifying accurately the pertinent policy exclusion. Under the circumstances, we conclude that the notices here met the requirements of, and fulfilled the purpose

of, the applicable statute *(see,* Insurance Law § 3420 [d]; *General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864; *John v Centennial Ins. Co.,* 91 AD2d 1104, 1105; *cf., Losi v Hanover Ins. Co.,* 139 AD2d 702). However, there are factual issues with respect to the validity of the cited reason for noncoverage and the timeliness of the notices. Accordingly, summary judgment should have been denied. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.