(January 30, 1995)

■ FRANCIS ALEXIS et al., Respondents, v CITY OF NEW YORK, Respondent, and SECURITY TITLE AND GUARANTY COMPANY et

al., Appellants. [622 NYS2d 106] —In an action, *inter alia,* for a judgment declaring that the plaintiffs are not indebted to the defendant City of New York for management fees relating to certain real property or, that the defendants Security Title and Guaranty Company and Winters Land Search Corp. are liable to indemnify the plaintiffs for those management fees, the defendants Security Title and Guaranty Company and Winters Land Search Corp. appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated January 28, 1993, which (1) denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them, (2) granted that branch of the plaintiffs' cross motion which was for summary judgment against them, and (3) granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The appellants claim, *inter alia,* that the City of New York (hereinafter the City) had no authority to impose a tax lien for management fees it was owed on property located at 974 St. Marks Avenue in Brooklyn. We disagree. The City was authorized under the Administrative Code of the City of New York § 11-424 (e) to create a lien on the subject property for all taxes, deficiencies, *management fees,* and liens which accrued subsequent to those paid in order to obtain the release of the City's interest in the property acquired by *in rem* tax foreclosure, or which were, for whatever reason, omitted from the payment made to obtain the release *(see,* Administrative Code § 11-424 [e]).

We also find no merit to the appellants' contention that they are not liable to indemnify the plaintiffs because the title insurance policy they issued to the plaintiffs did not cover "defects and incumbrances arising or becoming a lien *after* the date of this policy" (emphasis added). While it is true that the City placed the lien on the property after the date of the policy, it is also true that the City, in fact, possessed title to the property when the policy was issued. The fact that the City still owned the property was a defect in the title which existed when the policy was written and, therefore, the appellants are required to indemnify the plaintiffs pursuant to the terms of the title insurance policy *(cf., Inavest Enters. v TRW Tit. Ins.,* 189 AD2d 111).

The City's contention with respect to the Statute of Limitations need not be addressed. The parties' remaining contentions are without merit. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.