■ WAINCO FUNDING, Appellant, v FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, Respondent. [631 NYS2d 81]

—In an action to recover under a title insurance policy, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered December 22, 1993, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment in its favor.

Ordered that the order is affirmed, with costs.

The subject title insurance policy provided that in the event the insured failed to "promptly notify" the insurer of "any lien or encumbrance insured against", the insurer's liability would terminate, "provided that [the] failure to notify shall in no case prejudice the claim of any insured unless the [insurer] shall be actually prejudiced by such failure". It is undisputed that the plaintiff mortgagee did not notify the defendant insurer of a tax lien foreclosure proceeding against the mortgaged premises until the plaintiff had unsuccessfully appealed from a judgment of the Supreme Court, Orange County, which was in favor of the City of Newburgh. Thus, notification did not occur until approximately 20 months after the plaintiff insured claims that it first learned of the proceeding. By depriving the defendant of the opportunity to participate in the tax lien proceeding in any way, the plaintiff's failure to give notice actually prejudiced the defendant (see, Hovdestad v Interboro Mut. Indem. Ins. Co., 135 AD2d 783, 784). Because the plaintiff's submissions were insufficient to raise an issue of fact in this regard, the Supreme Court properly dismissed the complaint (see, Zuckerman v City of New York, 49 NY2d 557, 562). Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.