CHRYSLER FIRST FINANCIAL SERVICES CORPORATION OF AMERICA, Formerly Known as CHRYSLER FIRST FINANCIAL SERVICES CORPORATION OF NEW YORK, and Another, et al., Respondents-Appellants, v CHICAGO TITLE INSURANCE COMPANY, Appellant-Respondent. [641 NYS2d 13] —Judgment, Supreme Court, Nassau County (Howard Levitt, J.), entered on or about December 13, 1994, awarding plaintiff, after a non-jury trial, $69,988.12 on the first cause of action with interest from April 30, 1986 and $45,000 on the third cause of action with interest from October 28, 1986, and bringing up for review an order of the same court (Marvin Segal, J.), entered on or about January 25, 1993, which granted plaintiff's motion for summary judgment as to liability on the first and third causes of action and granted defendant's cross motion for summary judgment dismissing the second cause of action, unanimously modified, on the law, to reduce the principal sum awarded on the first cause of action to $60,100 and to allow for interest on both the first and third causes of action running from the respective dates of foreclosure sale, and otherwise affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the final judgment.

The three causes of action herein arise from separate mortgage title insurance policies wherein plaintiff, as a second mortgagee, purchased title policies from defendant. In each instance, defendant admittedly reported a first mortgage lien in an amount less than the actual first mortgage lien. Upon defaults by the mortgagors, foreclosure proceedings were commenced by the first mortgagees, with plaintiff served as a junior lienholder.

We agree with the motion court that plaintiff's failure to notify defendant of the foreclosure proceeding related to the

second cause of action until long after the foreclosure sale bars recovery under the policy since the policy requires timely notice of any claim. Moreover, the late notice prevented defendant from taking any steps to mitigate its liability and protect its interests.

Mortgage title insurance policies are contracts of indemnity wherein the insured must demonstrate actual loss (*see, Citibank v Chicago Tit. Ins. Co.*, 214 AD2d 212, 220-222, citing, *inter alia, Grunberger v Iseson*, 75 AD2d 329, 332, citing *Empire Dev. Co. v Title Guar. & Trust Co.*, 225 NY 53, 60). Contrary to defendant's contention, neither the policy terms nor the common-law duty to mitigate damages requires the second mortgagee to bid at the first mortgagee's foreclosure sale. It is, however, at such foreclosure sale wherein the second mortgagee's loss, if any, is established. Accordingly, with respect to the first cause of action, there was a bona fide sale to a third party at foreclosure, which establishes the fair market value of the foreclosed premises at that time (*Grunberger v Iseson, supra*, at 331-332), and thereupon, the amount of surplus for the second mortgagee, here $60,100. Fair market evaluations are irrelevant under the circumstances *(supra)*. As for the third cause of action, there was no purchase at the foreclosure sale by a third party and thus resort to fair market value was proper. We find no error in the trial court's rejection of defendant's expert's testimony, and acceptance of plaintiff's. We modify with respect to the award of interest on both causes of action by allowing for interest only from the date of foreclosure and not the date the policy was purchased since the contracts are one of indemnity (*cf., Smirlock Realty Corp. v Title Guar. Co.*, 63 NY2d 955 [fee policy wherein title defect affected value of property on date of purchase]).

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.