■ CLIFFORD VAN GORDON, Appellant, v OTSEGO MUTUAL FIRE INSURANCE CO., Defendant and Third-Party Plaintiff-Respondent. KIM MANCUSO et al., Third-Party Defendants-Appellants. [648 NYS2d 306] —In an action pursuant to Insurance Law § 3420 (a) (2), the plaintiff and the third-party defendants appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated October 2, 1995, which denied their joint motion for summary judgment (1) on the complaint

against Otsego Mutual Fire Insurance Co. and (2) dismissing the third-party complaint.

Ordered that the order is affirmed, with one bill of costs to the defendant third-party plaintiff.

The plaintiff, alleging that he was injured when he fell down the stairs outside the home of his daughter and son-in-law, the third-party defendants Kim and Fred Mancuso, commenced an action against them to recover damages based on negligence. The Mancusos' liability insurer, the defendant third-party plaintiff Otsego Mutual Fire Insurance Co. (hereinafter Otsego Mutual), retained counsel to defend the Mancusos. However, as a result of a dispute between the Mancusos and their attorneys, the attorneys were relieved from representing the Mancusos. Thereafter, Otsego Mutual disclaimed coverage, asserting that the Mancusos breached their contractual duty to cooperate in defending the plaintiff's action, leading the carrier to refuse to further defend or indemnify the Mancusos. The Mancusos chose not to obtain counsel or otherwise defend against the plaintiff's action. Consequently, liability in the action was determined upon default and, after an inquest, the plaintiff was awarded a judgment in the amount of $147,939.50. In the action at bar, the plaintiff, pursuant to Insurance Law § 3420 (a) (2), seeks to enforce this judgment against Otsego Mutual. In its answer, Otsego Mutual alleged, *inter alia,* that it properly disclaimed coverage based on the Mancusos' failure to cooperate. Further, Otsego Mutual commenced a third-party action against the Mancusos, seeking indemnity and contribution. The plaintiff and the Mancusos jointly moved for summary judgment on the complaint and to dismiss the third-party complaint, arguing that, as a matter of law, Otsego Mutual's disclaimer of coverage was improper. The Supreme Court denied the motion. We now affirm.

The noncooperation of an insured party in the defense of an action is a ground upon which an insurer may deny coverage and may be asserted by the insurer as a defense in an action on a judgment by an injured party pursuant to Insurance Law § 3420 (a) (2) *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Seltzer v Indemnity Ins. Co.,* 252 NY 330; *Yuska v State Farm Ins. Co.,* 203 AD2d 560). Here, however, because there is an issue of fact as to whether the Mancusos failed to cooperate and, therefore, whether Otsego Mutual permissibly disclaimed coverage, the branch of the motion which was for summary judgment on the complaint was properly denied *(see, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159; *Commercial Union Ins. Co. v Burr,* 226 AD2d 416). Similarly, issues

that must await resolution at trial warranted denial of the branch of the motion which was for summary judgment dismissing the third-party complaint. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.