■ TRISINGH ENTERPRISES, INC., Respondent, v JEROME KESSLER, Appellant, et al., Defendants. [671 NYS2d 70] —Order, Supreme Court, New York County (Charles Ramos, J.), entered June 25, 1996, which denied the motion of defendant-appellant Jerome Kessler to dismiss the complaint to the extent that it sought a deficiency judgment against him, unanimously reversed, on the law and the facts, with costs and disbursements, and the motion granted.

This action was brought by the plaintiff to foreclose a first mortgage on property in the County of New York. The action not only seeks to foreclose on appellant's subordinate mortgage on the property, but also seeks a deficiency judgment against the appellant, who was a guarantor of the first mortgage.

The mortgage was initially held by First New York Bank for Business, which in 1992 brought an action against the primary obligor, defendant Tria Real Estate Enterprises, Inc., and the guarantors of the mortgage, including the appellant Kessler. The action was not for foreclosure of the mortgage but one solely on the debt. After a motion by appellant for dismissal

pursuant to CPLR 3211 and a cross-motion by the First New York Bank for summary judgment, the Supreme Court dismissed the prior action against the appellant upon the default of that plaintiff. No attempt was ever made by the First New York Bank for Business, the Federal Deposit Insurance Corporation as Receiver, or subsequent assignees including the plaintiff herein to vacate this prior order of dismissal.

The doctrine of res judicata or claim preclusion prohibits a party from relitigating any claim that could have been or that should have been litigated in a prior proceeding. The doctrine bars further litigation between the same parties on the same cause of action (see, Matter of Hodes v Axelrod, 70 NY2d 364), and is applicable to a judgment taken by default that has not been vacated (Robbins v Growney, 229 AD2d 356, 357). The cause of action against appellant on the debt, i.e., upon the guaranty asserted in this action, was decided in the prior action.

The fact that the IAS Court in the prior action corrected its error in granting judgment to plaintiff therein and granted judgment to appellant without notification to the present plaintiff did not vitiate the prior order and judgment. The present plaintiff-respondent never appeared in the prior action or sought to intervene. Further, at the time of the assignment there was an order of dismissal of the claims of the assignor against appellant relating to his guaranty of the debt. Accordingly, plaintiff, as assignee of the mortgage debt, stepped into the shoes of its assignor and took subject to all the defenses that could be asserted against the assignor. Consequently, the IAS Court should have granted appellant's motion giving res judicata effect to the prior dismissal of the claim asserted by the assignor against the appellant on his guaranty of the debt. Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.