■ JOSEPH GALANTE, Respondent-Appellant, v STATE FARM INSURANCE COMPANY, Appellant-Respondent. [671 NYS2d 345] —In an action for a judgment declaring, *inter alia,* that the plaintiff is entitled to first-party benefits pursuant to an insurance policy issued by the defendant, (1) the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated February 24, 1997, as denied its motion, *inter alia,* to strike the plaintiff's note of

issue and to compel the plaintiff to appear for an examination under oath, and (2) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's motion is granted in its entirety, and the matter is remitted to the Supreme Court, Richmond County, for the purpose of fixing a schedule for the plaintiff to submit further responses to the defendant's interrogatories and to submit to an examination under oath and, if necessary, an examination before trial; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the plaintiff's contention, the defendant sufficiently established a legal and factual basis to examine the plaintiff under oath and to obtain other disclosure. The requested examination is consistent with the insured's general duty of cooperation (*see generally, Van Gordon v Otsego Mut. Fire Ins. Co.,* 232 AD2d 405) and is for the purpose of exploring and verifying the circumstances under which the plaintiff aggravated a preexisting knee injury during a single-vehicle automobile accident. Accordingly, the defendant's motion, *inter alia,* to compel certain disclosure should have been granted in its entirety. However, under the circumstances presented, we decline the defendant's present invitation to search the record and grant it summary judgment dismissing the complaint (*see generally,* CPLR 3212 [b]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or are without merit. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.