■ MICHAEL DeFILIPPO et al., Respondents, v UTICA FIRST INSURANCE COMPANY, Appellant. [695 NYS2d 389] —In an action pursuant to Insurance Law § 3420 (a) (2) to recover on an insurance policy, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Seidell, J.), dated June 29, 1998, which granted the plaintiffs' motion for summary judgment on the complaint and denied its cross motion for sum-

mary judgment dismissing the complaint, (2) from a judgment of the same court, entered August 18, 1998, upon the order, which is in favor of the plaintiffs and against it in the principal sum of $300,000, and (3), as limited by its brief, from so much of an order of the same court, dated November 5, 1998, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 29, 1998, is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed as that judgment was superseded by the order dated November 5, 1998, made upon reargument; and it is further,

Ordered that the order dated November 5, 1998, is modified, on the law, by deleting the provision thereof adhering to so much of the order dated June 29, 1998, as granted the plaintiffs' motion for summary judgment on the complaint and substituting a provision therefor denying the plaintiffs' motion; as so modified, the order dated November 5, 1998, is affirmed, and the judgment and so much of the order dated June 29, 1998, as granted the plaintiffs' motion for summary judgment are vacated; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order dated June 29, 1998, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the order dated November 5, 1998, which superseded the judgment (see, CPLR 5501 [a] [1]).

Under the circumstances of this case, the doctrine of collateral estoppel is not applicable.

In opposition to the plaintiffs' motion establishing their entitlement to judgment as a matter of law, the defendant submitted evidence in admissible form establishing that there are factual issues as to whether the plaintiffs were entitled to recover under the defendant's insurance policy. Accordingly, the plaintiffs' motion for summary judgment should have been denied (see, Hall v Kemper Natl. Cos., 208 AD2d 679, 680; see also, Van Gordon v Otsego Mut. Fire Ins. Co., 232 AD2d 405, 406). Thompson, J. P., Altman, Feuerstein and Schmidt, JJ., concur.