■ U.S. BANK NATIONAL ASSOCIATION TR U/A DTD 12/01/98, Respondent, v STEWART TITLE INSURANCE COMPANY, Appellant. [832 NYS2d 223]—

In an action to recover damages for breach of contract, the defendant, Stewart Title Insurance Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated March 24, 2005, as granted those branches of the plaintiff's motion which were for summary judgment dismissing the first, second, third, fourth, fifth, seventh, and eighth affirmative defenses, and denied its application to search the record and award it summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 5, 1998 nonparty Mary F. Jones borrowed the sum of $98,000 from nonparty EquiCredit Corporation of New York (hereinafter EquiCredit). As security for the loan, EquiCredit was given a mortgage on Jones's property located at 120 Hudson Avenue in Roosevelt, New York (hereinafter the property). On the same day, the defendant issued a title insurance policy to EquiCredit and its successors and/or assigns in

the sum of $98,000 (hereinafter the title policy), insuring the mortgage as a first priority mortgage lien on the property.

Jones defaulted on the mortgage and EquiCredit began a mortgage foreclosure action (hereinafter the EquiCredit foreclosure action). During the pendency of the EquiCredit foreclosure action, EquiCredit ordered a foreclosure search which revealed four mortgages recorded prior in time to its mortgage. As is relevant to this appeal, one of the earlier-recorded mortgages was a Banker's Trust mortgage (hereinafter the BT mortgage) that was granted to the predecessor-in-interest of Banker's Trust on June 21, 1996 and first recorded on July 10, 1996.

By letter dated March 22, 2001 EquiCredit made a formal claim (hereinafter the subject claim) to the defendant under the title policy and enclosed the foreclosure search showing the four other mortgages. EquiCredit also informed the defendant that there was a notice of pendency filed in the foreclosure of the BT mortgage (hereinafter the BT foreclosure action). On October 9, 2001 EquiCredit assigned the mortgage to EquiCredit Corporation of America, which then assigned the mortgage to the plaintiff.

By letter dated October 10, 2001, in response to the subject claim, the defendant advised EquiCredit's counsel that it could proceed with the foreclosure action because the BT mortgage "was satisfied however a satisfaction was never recorded" and that the defendant was "willing to insure the purchaser at the foreclosure sale without exception as to the [BT mortgage]." The plaintiff obtained a judgment of foreclosure and sale on January 25, 2002. On the eve of the foreclosure sale, the plaintiff was advised that the property had previously been sold in the BT foreclosure action and transferred by referee's deed dated March 20, 2001.

By letter dated November 1, 2002, the plaintiff, as EquiCredit's assignee, made a demand for payment under the title policy for "complete failure of title." By letter dated January 16, 2003, the defendant denied coverage on the ground that the plaintiff failed to promptly notify the defendant of the BT foreclosure action and that the delay materially prejudiced the defendant.

The plaintiff commenced this action to recover damages for breach of contract. The plaintiff moved for summary judgment on the complaint and for summary judgment dismissing the defendant's eight affirmative defenses. The defendant made an application to search the record and award it summary judgment dismissing the complaint. The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment dismissing the first, second, third, fourth, fifth,

seventh, and eighth affirmative defenses and otherwise denied the parties' requests for relief. The defendant appeals, as limited by its brief, from so much of the order as granted those branches of the plaintiff's motion for summary judgment dismissing the first, second, third, fourth, fifth, seventh, and eighth affirmative defenses and denied its application.

Contrary to the defendant's contention, the title defect complained of by the plaintiff did not arise when the notice of pendency was filed in the BT foreclosure action. Rather, since the lien of the BT mortgage encumbered the property before the issuance of the title policy, the title defect affecting the priority of the plaintiff's mortgage lien arose before the date of the policy and thus, was covered by the policy (*see Citibank v Commonwealth Land Tit. Ins. Co.*, 228 AD2d 635, 636 [1996]; *Alexis v City of New York*, 211 AD2d 738, 739 [1995]).

The defendant's contention that it was not liable to indemnify the plaintiff under the title policy because the plaintiff assumed the defect is without merit. The plaintiff was a bona fide assignee of EquiCredit and as such, acquired all of the rights of EquiCredit under the title policy and took its position with all the equities and burdens that attach to the rights assigned (*see Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608, 609 [2003]; *Trisingh Enters. v Kessler*, 249 AD2d 45, 46 [1998]; *Tamily v General Contr. Corp.*, 210 AD2d 564, 566 [1994]). Moreover, the defendant is liable for matters affecting title unless the particular defect is specifically excepted from coverage, even if the matter affecting title consists of a hidden defect (*see Citibank v Commonwealth Land Tit. Ins., supra* at 637). There is nothing in the record indicating that the BT mortgage was excluded from coverage. Thus, the defendant failed to raise a triable issue of fact in response to the plaintiff's prima facie showing that the lien of the BT mortgage was a title defect covered by the title policy and that the plaintiff, as EquiCredit's assignee, acquired EquiCredit's rights under the title policy to be indemnified for losses pertaining to it. Therefore, the defendant's fifth affirmative defense that the plaintiff had notice of the prior lien from public records and seventh affirmative defense that the subject claim was an exclusion from coverage under the title policy were properly dismissed.

The Supreme Court also properly denied the defendant's application to search the record and to award it summary judgment dismissing the complaint. There exists a triable issue of fact as to whether the October 10, 2001 letter, in which the defendant authorized the plaintiff to proceed with the EquiCredit foreclosure action and advised it of its intention to honor the

title policy, constituted a waiver of the defendant's sixth affirmative defense based upon untimely notice of the BT foreclosure action (*see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968 [1988]; *Kiernan v Dutchess County Mut. Ins. Co.,* 150 NY 190, 195 [1896]; *McGivney v Liberty Mut. Fire Ins. Co.,* 305 AD2d 559, 560 [2003]).

In addition, the defendant's allegations of prejudice on the ground that the plaintiff's alleged untimely notice prevented it from participating in the BT foreclosure action so as to mitigate its liability and protect its interests were purely speculative and questionable in light of the apparent lack of equity in the property (*cf. Chrysler First Fin. Servs. Corp. of Am. v Chicago Tit. Ins. Co.,* 226 AD2d 183, 184 [1996]; *Wainco Funding v First Am. Tit. Ins. Co. of N.Y.,* 219 AD2d 598, 599 [1995]).

The defendant's remaining contentions are without merit. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.