■ DONALD K. BUSCH, Respondent, v ROBERT W. HARRINGTON et al., Appellants, et al., Defendants. [880 NYS2d 774]—

McCarthy, J. Appeal from an order of the Supreme Court (Demarest, J.), entered June 10, 2008 in Franklin County, which granted plaintiff's motion for partial summary judgment, denied certain defendants' cross motions for partial summary judgment and dismissed said defendants' counterclaims.

The parties are owners, or former owners, of property located along the southern shore of Rainbow Lake in the Town of Franklin, Franklin County. Plaintiff's property consists of eight "cottage lots" (numbered 101 through 107), as well as an adjoin-

ing 73-acre parcel to the south and southeast of these eight lots. Defendants' respective properties consist of cottage lots located east of plaintiff's lots (numbered 108 through 113).[1] Shortly after defendants Robert W. Harrington and Patricia E. Harrington purchased their property in 2003, they advised plaintiff of their intention, as "owners of easement rights," to clear a road along the route of a "paper road" depicted on maps dating back to the early 1900s so as to permit them westerly access to a nearby public road. Prior to this time, owners of lot 108 and all lots to its east accessed their properties by way of an easterly route.

Plaintiff objected and this RPAPL article 15 action ensued seeking a declaration of the parties' respective rights vis-à-vis this paper road. Following plaintiff's motion and cross motions by the Harringtons and defendants John H. Callanan and Patricia M. Callanan (hereinafter collectively referred to as defendants) for partial summary judgment, Supreme Court determined that defendants did not have either an express or implied westerly easement over plaintiff's property. Defendants appeal. We now affirm.

Defendants' primary argument on appeal is that they have sufficiently demonstrated an implied easement over plaintiff's property. "[W]hether an easement by implication has been created depends on the intention of the parties at the time of the original conveyance, with the most important indicators of the grantor's intent being the appearance of the subdivision map and the language of the original deeds" (*B.J. 96 Corp. v Mester*, 222 AD2d 798, 799 [1995] [internal quotation marks and citations omitted]; *see Palma v Mastroianni*, 276 AD2d 894, 894 [2000]; *Clegg v Grasso*, 186 AD2d 909, 910-911 [1992]; *Firsty v De Thomasis*, 177 AD2d 839, 840-841 [1991]). Stated otherwise, "the claim of an easement solely by implication usually raises a question of intent to be determined in the light of all the circumstances" (*Tarolli v Westvale Genesee*, 6 NY2d 32, 34 [1959]), with descriptions on a filed map constituting one such important circumstance, but not the sole one (*see B.J. 96 Corp. v Mester*, 222 AD2d at 799; *Rose v Indian Park Assn.*, 3 AD2d 274, 278 [1957]). Upon our review of the record, including all relevant deeds and maps, we find that Supreme Court correctly concluded that neither an express nor an implied westerly easement exists over plaintiff's property.

---

1. In particular, defendant Estate of Benedict Pace owns lots 108, 109 and some of lot 110, defendants Robert W. Harrington and Patricia E. Harrington own most of lot 110 and lot 111 and defendants John H. Callanan and Patricia M. Callanan recently sold lots 112 and 113 to defendants John A. Fallone and Susan M. Fallone.

The record demonstrates that the intent of the parties' common grantor was to provide a right of passage from the subject lots to the *east* (ultimately leading to a main road) with no intent, express or implied, to provide a right of passage along the paper road to the *west*.[2] To be sure, maps from 1900 and 1915 do clearly depict a right-of-way (i.e., the paper road) on the southern border of approximately 70 specifically enumerated "cottage lots," including the lots at issue here. The record reveals, however, that this paper road was never opened. Instead, the route entailing "the road to Onchiota" was used by owners of lot 108 and all lots to its east to gain access to the main road (*see* n 2, *supra*). Indeed, as of 1900 and for the next 80 years, no public road even existed to the west. It was not until 1980 that a public road (Tebbutt Road) was opened to the west of these lots.

Notably, while all relevant deeds do reference the 1915 map and the lot numbers from this map, they specifically reference easement access by way of the road to Onchiota, the road from Onchiota or the Adirondack-Florida School Road. Such references clearly reflect an intent to convey ultimate access from the subject lots via the easterly route that ultimately lead to Gabriels-Onchiota Road. By way of example, the 1929, 1931, 1935 and 1939 deeds conveying lots east of defendants' property by the original common grantor conveyed such lots "[t]ogether with a right of way and access" by way of "the road now leading from Onchiota." A 1933 deed conveying four of plaintiff's seven lots recites that these lots are conveyed "[t]ogether with a right of way and access across the premises of the Seller . . . to the road now leading from Onchiota." Likewise, a 1941 deed conveying, among other lots, the four lots now owned by the Harringtons and defendants John A. Fallone and Susan M. Fallone (*see* n 1, *supra*) conveyed an easement "[t]o the road and right of way over said lots known as the Adirondack-Florida School Road." Simply stated, plaintiff submitted proof demonstrating that the original common grantor intended to benefit the parties' predecessors by an express right of access via this easterly route only with no intent to grant an easement over

**2.** Specifically, since 1929, owners of lot 108 and all lots to its east accessed their properties by way of a dirt road (referred to as either "the road to Onchiota" or "the as-built road") which begins at lot 107 and generally runs in an easterly direction. This road connects with another dirt road (referred to as "the road from Onchiota to the dam at the foot of Rainbow Lake" or Adirondack-Florida School Road or Meenahga Mountain Road). This latter road, in turn, connects with a main road (formerly known as County Route 30/Gabriels-Onchiota Road and now known as County Route 60/Gabriels-Onchiota Road).

the paper route depicted on the 1915 map, and defendants failed to submit any evidence, expert or otherwise, demonstrating a contrary intent.

As a final matter, we note that, since defendants continue to have access to their lots via this same easterly route that has been used by their predecessors for decades, an implied easement by necessity cannot be demonstrated (*see Simone v Heidelberg*, 9 NY3d 177, 182 [2007]; *Mobile Motivations, Inc. v Lenches*, 26 AD3d 568, 571 [2006]; *Four S Realty Co. v Dynko*, 210 AD2d 622, 623-624 [1994]), despite the circuitous and inconvenient nature of this easterly route (*see Simone v Heidelberg*, 9 NY3d at 182).

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

