NECHADIM CORP., Respondent-Appellant, v C.J.P. ABSTRACT, LLC, Defendant, and COMMONWEALTH LAND TITLE INSURANCE COMPANY, Appellant-Respondent. [888 NYS2d 162]—

In an action to recover damages for the negligent failure to timely record a mortgage, the defendant Commonwealth Land Title Insurance Company appeals from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated January 6, 2009, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment on the issue of liability against the defendant Commonwealth Land Title Insurance Company.

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion of the defendant Commonwealth Land Title Insurance Company for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Commonwealth Land Title Insurance Company, payable by the plaintiff.

On July 25, 2006 the plaintiff loaned money to the nonparties Carpet Network, Inc., and T.M.Z. Enterprises, Inc. In return, the plaintiff received a mortgage on two properties, one located in Orange County and one located in Sullivan County. At the closing of the loan, the plaintiff gave the mortgage documents to the defendant C.J.P. Abstract, LLC (hereinafter CJP), which,

according to an affidavit of the attorney who represented the plaintiff at the closing, the plaintiff had retained "for the purpose of doing the title work in connection with the mortgage and to record the mortgage." On the same day as the closing, the defendant Commonwealth Title Insurance Company (hereinafter Commonwealth) issued the plaintiff a title insurance policy insuring only the lien on the Orange County property.

After CJP failed to record the mortgage in Sullivan County until July 12, 2007, the plaintiff commenced this action against CJP and Commonwealth to recover damages for the negligent failure to timely record the mortgage in Sullivan County. CJP defaulted in the action. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Commonwealth, and Commonwealth cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion and cross motion, finding that there were triable issues of fact. We reverse the order insofar as appealed from by Commonwealth and affirm the order insofar as cross-appealed from.

Commonwealth established, prima facie, that the agency relationship between Commonwealth and CJP was limited to the solicitation, production, and issuance of title insurance policies underwritten by Commonwealth, and that CJP's failure to timely record the mortgage thus cannot be attributed to Commonwealth (*see Ford v Unity Hosp.,* 32 NY2d 464, 472-473 [1973]; *Lucas v Kensington Abstract LLC,* 20 Misc 3d 1135[A], 2008 NY Slip Op 51734[U] [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]). Accordingly, while the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Commonwealth, the court should have granted Commonwealth's cross motion for summary judgment dismissing the complaint insofar as asserted against it.

In light of our determination, we need not reach Commonwealth's remaining contention. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.