■ John Johnson, Appellant, v GEICO, Also Known as Government Employees Insurance Company, Respondent. [898 NYS2d 526]—

In an action, inter alia, to recover damages for breach of an insurance policy, the plaintiff appeals from an order of the Supreme Court, Richmond County (McGrail, Ct. Atty. Ref.), dated January 23, 2009, which granted those branches of the defendant's motion which were for summary judgment dismissing the first cause of action and pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the first cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the first cause of action alleging breach of contract. To deny coverage based upon a failure to cooperate, the insurer must show: "(1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction" (*Baghaloo-White v Allstate Ins. Co.*, 270 AD2d 296, 296 [2000]). The heavy burden of proving lack of cooperation of the insured is placed upon the insurer (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *Physicians' Reciprocal Insurers v Keller*, 243 AD2d 547 [1997]). Where, as here, there is an issue of fact as to whether the plaintiff failed to cooperate, summary judgment should be denied (*see Van Gordon v Otsego Mut. Fire Ins. Co.*, 232 AD2d 405 [1996]).

That branch of the defendant's motion which was to disqualify the plaintiff's attorney was not addressed by the Supreme Court. Therefore, it remains pending and undecided, and any issue raised with respect thereto are not properly before this Court (*see Katz v Katz*, 68 AD2d 536 [1979]).

The parties' remaining contentions are without merit. Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.