EMIGRANT MORTGAGE COMPANY, INC., Appellant, v WASHINGTON TITLE INSURANCE COMPANY, Respondent. (And a Third-Party Action.) [913 NYS2d 251]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to pay the plaintiff the proceeds of a certain mortgage title insurance policy, the plaintiff appeals from an order of the Supreme Court, Westchester County (Loehr, J.), entered September 22, 2009, which granted the defendant's motion, inter alia, for summary judgment declaring that it is relieved from any obligations pursuant to .the policy and denied as moot its cross motion for summary judgment and for leave to amend the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendant's motion, inter alia, for summary judgment declaring that it is relieved from any obligations pursuant to the policy, and substituting therefor a provision denying the motion, (2) by deleting the words "as moot" from the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment, and (3) by deleting the provision thereof denying as moot that branch of the plaintiff's cross motion which was for leave to amend the complaint; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for a determination on the merits of that branch of the plaintiff's cross motion which was for leave to amend the complaint.

In 1999 the plaintiff loaned Levi Drimmer the sum of $472,500 towards the purchase of residential property in

Brooklyn, with a promissory note secured by a mortgage on the premises (hereinafter the Drimmer mortgage). The defendant acted as title insurer for the transaction and issued the plaintiff a title insurance policy (hereinafter the policy) insuring it against loss and damage sustained due to, inter alia, the invalidity or unenforceability of the lien or the priority of any lien or encumbrance over the lien of the insured mortgage. Pursuant to the policy, the defendant obtained the right to commence litigation on the plaintiff's behalf, and the plaintiff had the duty to cooperate with any such litigation.

The defendant undertook to record the mortgage. However, the mortgage was not timely recorded. In 2002 Drimmer sold the premises to Yosef Sternberg, who encumbered the premises with two mortgages in the total sum of $1,161,472 (hereinafter together the Sternberg mortgages). Both of the Sternberg mortgages were recorded before the Drimmer mortgage, which was finally recorded in February 2006. In July 2007 the plaintiff submitted a claim on the policy, demanding payment of the full amount due on the loan. A few months later, the defendant hired counsel, who prepared a proposed complaint seeking to establish the lien on the premises and to foreclose. However, the proposed litigation was never commenced. The plaintiff then commenced this action seeking a judgment declaring that the defendant must pay its claim and to recover damages for a breach of the duty of good faith and fair dealing and for unfair and deceptive business practices pursuant to General Business Law § 349. The defendant moved, inter alia, for summary judgment declaring that it is relieved from any obligations pursuant to the policy. The plaintiff cross-moved, among other things, for summary judgment declaring that the defendant is obligated to pay its claim, and for leave to amend the complaint to add a cause of action to recover damages for the defendant's negligence in failing to timely record the mortgage. The Supreme Court granted the defendant's motion, holding that the defendant's obligations under the policy were terminated due to the prejudice caused by the plaintiff's failure to cooperate with the proposed litigation. The plaintiff's cross motion was denied as academic. The plaintiff appeals.

Contrary to the plaintiff's contention, the defendant, in considering whether to pursue the proposed litigation, was well within its rights under the policy. The policy affords the defendant the right "to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to . . . prevent or reduce loss or damage to the insured." Had the proposed litigation established the plaintiff's

lien, the plaintiff may have recovered surplus proceeds from a foreclosure sale, even though two mortgages were recorded before the Drimmer mortgage. Moreover, as the defendant correctly contends, the proposed litigation would have established the plaintiff's loss, if any, resulting from the mortgage's reduced priority. An insured may only recover for actual loss resulting from a title defect, and "[i]t is . . . at such foreclosure sale wherein the second mortgagee's loss, if any, is established" (*Chrysler First Fin. Servs. Corp. of Am. v Chicago Tit. Ins. Co.*, 226 AD2d 183, 184 [1996]; *see Grunberger v Iseson*, 75 AD2d 329, 331-332 [1980]).

However, there is a triable issue of fact regarding the plaintiff's cooperation with the proposed litigation, which precludes the award of summary judgment in favor of either party. A heavy burden of establishing noncooperation is on the insurer, which must demonstrate that: (1) it acted diligently in seeking to bring about the insured's cooperation; (2) the efforts it employed were reasonably calculated to obtain the insured's cooperation; and (3) the attitude of the insured, after his cooperation was sought, was one of " 'willful and avowed obstruction' " (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967], quoting *Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276 [1928]; *see Johnson v GEICO*, 72 AD3d 900 [2010]). The third prong may be established by an insurer's showing that its insured "engaged in an unreasonable and willful pattern of refusing to answer material and relevant questions or to supply material and relevant documents" (*Avarello v State Farm Fire & Cas. Co.*, 208 AD2d 483, 483 [1994]; *see Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov*, 41 AD3d 603, 604 [2007]; *James & Charles Dimino Wholesale Seafood v Royal Ins. Co.*, 238 AD2d 379, 379 [1997]).

Here, the evidence submitted on the motion and cross motion indicated that the plaintiff provided all information that the defendant requested. Significantly, the plaintiff continued to submit information concerning the loan to the defendant even after this action was commenced. An insured may not insulate itself from the duty of cooperation by commencing a suit on the policy (*see Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835 [1981]). However, we reject the defendant's contention that, without more, the mere act of commencing suit against one's insurer constitutes noncooperation sufficient to relieve the insurer from its obligations under the policy.

The defendant's former general counsel testified at her deposition that the plaintiff rejected the draft complaint in the

proposed litigation. Juxtaposed against this testimony, the first vice-president of the plaintiff testified at his deposition that he never instructed the defendant not to file a complaint in the proposed litigation, and would have cooperated in connection with that litigation had it been commenced. This conflicting evidence raised a triable issue of fact regarding whether the defendant's failure to commence the proposed litigation was actually the result of the plaintiff's noncooperation. Accordingly, the defendant's motion for summary judgment should have been denied. Furthermore, while the Supreme Court correctly denied that branch of the plaintiff's cross motion which was for summary judgment, it should have been denied on the merits (*see Johnson v GEICO*, 72 AD3d 900 [2010]; *Van Gordon v Otsego Mut. Fire Ins. Co.*, 232 AD2d 405 [1996]). In light of this determination, that branch of the plaintiff's cross motion which was for leave to amend the complaint is no longer academic, and should be decided by the Supreme Court. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.