■ DONALD K. BUSCH, Appellant, v FIDELITY NATIONAL TITLE INSURANCE COMPANY et al., as Successors in Interest of AMERICAN TITLE INSURANCE COMPANY, Respondents. [923 NYS2d 280]—

McCarthy, J. Appeal from an order of the Supreme Court (Demarest, J.), entered April 5, 2010 in Franklin County, which denied plaintiff's motion for partial summary judgment.

Plaintiff owns real property covered by a title insurance policy issued by defendants' predecessor in interest. In 2003, plaintiff's

neighbors claimed that an easement granted them the right to construct and use a road over plaintiff's property. To stop the imminent construction, plaintiff hired counsel to immediately commence an action to quiet title. Counsel informed defendants of the action. Defendants then approved the hiring of counsel to represent plaintiff and agreed to compensate him. After Supreme Court denied a preliminary injunction sought by plaintiff in the underlying action, defendants sent a letter to plaintiff's counsel purporting to settle the claim—not the underlying action—for $5,000. The parties dispute whether a settlement was actually agreed upon. Counsel sent defendants a bill and was paid by defendants for all outstanding invoices. Plaintiff thereafter discharged counsel and retained new counsel to represent him in the underlying action.

Plaintiff continued that action with counsel he retained—four different firms in all—until he eventually prevailed with a declaration in his favor by Supreme Court, affirmed by this Court (*Busch v Harrington*, 63 AD3d 1333 [2009]). While the appeal was pending, plaintiff commenced this action for breach of contract and a declaratory judgment. Before discovery was completed, plaintiff moved for partial summary judgment on the issue of liability. Supreme Court denied the motion. Plaintiff appeals.

Initially, we disagree with defendants' recent contention that they had no duty to defend plaintiff's title in the underlying action because he was a plaintiff rather than a defendant. Although plaintiff commenced the underlying action, it was brought in response to claims by neighbors against his title and an imminent threat that they would begin constructing a road on his property (*compare Eliopoulos v Nation's Tit. Ins. of N.Y., Inc.*, 912 F Supp 28, 31-33 [ND NY 1996]). Reflecting the need for an immediate response to the neighbors' assertions, counsel obtained a temporary restraining order and sought a preliminary injunction, then quickly informed defendants of the action. At that time, defendants agreed to provide counsel to protect plaintiff's title, and we reject their current argument that they never had any obligation to do so. Additionally, plaintiff's neighbors brought counterclaims attacking his title, so defendants were obligated to defend him at least on those claims.

Having determined that defendants had a duty to defend plaintiff's title in the underlying action, Supreme Court correctly held that questions of fact exist as to whether plaintiff or defendants breached any duties under the policy. Defendants paid plaintiff's initial counsel for about seven weeks worth of work ending in October 2003, but had no further involvement

concerning the underlying action, which continued through at least 2009. Plaintiff retained his second counsel in November 2003, without obtaining approval from defendants. Plaintiff contends that he was required to obtain new counsel because defendants, in the letter containing their settlement offer,* refused to pay any further bills from his initial counsel. He also asserts that counsel had a conflict of interest, permitting plaintiff to obtain independent counsel (*see 69th St. & 2nd Ave. Garage Assoc. v Ticor Tit. Guar. Co.*, 207 AD2d 225, 227 [1995], *lv denied* 87 NY2d 802 [1995]).

Defendants contend that they only refused to pay any further legal bills if plaintiff accepted their settlement offer, and his action in firing his first counsel and hiring new—unapproved—counsel was a breach of his duty to cooperate, as well as of a policy provision allowing defendants to select counsel (*compare Rajchandra Corp. v Title Guar. Co.*, 163 AD2d 765, 768-769 [1990]). Defendants assert that they never fired initial counsel, counsel was not laboring under any conflict of interest and he could have continued his representation of plaintiff at their expense had plaintiff not terminated him. They contend that plaintiff further failed to cooperate, as he did not update defendants as to the progress of the litigation. Plaintiff asserts that his counsel informed defendants of major steps in the litigation. Considering these factual questions regarding possible breaches of the policy by either party, and whether defendants were thus required to provide plaintiff a defense in the underlying action, Supreme Court properly denied plaintiff's motion for partial summary judgment (*see Emigrant Mtge. Co., Inc. v Washington Tit. Ins. Co.*, 78 AD3d 1112, 1114-1115 [2010]; *Van Gordon v Otsego Mut. Fire Ins. Co.*, 232 AD2d 405, 406 [1996]).

Spain, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although factual questions concerning the October 2003 settlement offer are relevant to the parties' later responses and dealings with each other and counsel, whether plaintiff at one point agreed to accept $5,000 in settlement is irrelevant. No written settlement agreement or release was ever executed and no settlement check was tendered or negotiated.