■ ALL STATE PROPERTIES, LLC, Appellant, v OLD REPUBLIC NATIONAL TITLE INSURANCE Co., Respondent, et al., Defendant. [944 NYS2d 310]—

In an action to recover damages for breach of a title insurance policy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered January 6, 2011, as granted that branch of the cross motion of the defendant Old Republic National Title Insurance Co. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Old Republic National Title Insurance Company (hereinafter Old Republic) established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff, its insured, breached the subject title insurance policy by failing to cooperate with Old Republic in connection with the plaintiff's claim. It is undisputed that, less than one month after giving Old Republic notice of its claim under the title insurance policy, the plaintiff commenced litigation seeking to quiet title to the property that is the subject of the claim, and also named Old Republic as a defendant in that action. While the mere act of commencing suit against one's insurer does not, standing alone, constitute noncooperation sufficient to relieve the insurer of its obligations under the policy (see Emigrant Mtge. Co., Inc. v Washington Tit. Ins. Co., 78 AD3d 1112, 1114 [2010]), here, the plaintiff's noncooperation was established by the fact that it also precipitously brought its own action on the claim, instead of affording Old Republic a reasonable time within which to investigate the claim and determine how to proceed. Since the plaintiff failed to raise a triable issue of fact in response to Old Republic's showing that the plaintiff was in material breach of the insurance policy due to its failure to cooperate, that branch of Old Republic's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly granted. Rivera, J.P., Chambers, Roman and Miller, JJ., concur.