■ E.C.I. FINANCIAL CORPORATION, Appellant, v FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, Respondent, et al., Defendant. [995 NYS2d 99]—

In an action, inter alia, for indemnification and to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 13, 2012, as granted that branch of the motion of the defendant First American Title Insurance Company of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[A] policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title" (*L. Smirlock Realty Corp. v Title Guar. Co.*, 52 NY2d 179, 188 [1981]; *see Appleby v Chicago Tit. Ins. Co.*, 80 AD3d 546, 549 [2011]). The title insurer's liability to its insured is essentially based on contract law, and "liability is governed and limited by the agreements, terms, conditions, and provisions contained in the title insurance policy" (*Nastasi v County of Suffolk*, 106 AD3d 1064, 1066 [2013]; *see Property Hackers, LLC v Stewart Tit. Ins. Co.*, 96 AD3d 818, 819 [2012]).

Here, the defendant First American Title Insurance Company of New York (hereinafter First American) established its prima facie entitlement to judgment as a matter of law dismissing, insofar as asserted against it, the first cause of action, for indemnity, by submitting the subject policy and the affidavit of its associate claims counsel, who averred, based upon his personal knowledge of the facts, that First American defended the plaintiff in an action commenced by a borrower to invalidate the subject mortgage and note, and successfully settled the action in a manner that cured the alleged defect in title by recording the plaintiff's mortgage with a first priority lien.

Furthermore, First American established its prima facie entitlement to judgment as a matter of law dismissing, insofar as asserted against it, the second, third, fourth and fifth causes of action, which sought to recover damages arising from the defendants' failure to timely record the mortgage, and related relief. First American established that it only undertook a duty of indemnity, and thus bore no liability for its agent's failure to timely record the mortgage (*see Nechadim Corp. v C.J.P. Abstract, LLC*, 67 AD3d 656, 657 [2009]). In any event, in order to recover damages for an alleged title defect, an insured must demonstrate actual loss (*see Emigrant Mtge. Co., Inc. v Washington Tit. Ins. Co.*, 78 AD3d 1112, 1114 [2010]; *Chrysler First Fin. Servs. Corp. of Am. v Chicago Tit. Ins. Co.*, 226 AD2d 183, 184 [1996]). Here, First American demonstrated, prima facie, that the plaintiff did not suffer any actual loss resulting from a title defect that was compensable under the policy.

Finally, First American established its prima facie entitlement to judgment as a matter of law dismissing, insofar as asserted against it, the sixth cause of action, which sought to recover an attorney's fee, as nothing in the subject policy provided for an award of fees (*see Blair v O'Donnell*, 85 AD3d 954, 956 [2011]).

In opposition to First American's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Pros-*

*pect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted First American's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Chambers, Roman and Duffy, JJ., concur.