Wilmington Sav. Fund Socy., FSB v AmTrust Tit. Ins. Co. (2025 NY Slip Op 01185)

Wilmington Sav. Fund Socy., FSB v AmTrust Tit. Ins. Co.

2025 NY Slip Op 01185

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 651053/23|Appeal No. 3794|Case No. 2024-02440|

[*1]Wilmington Savings Fund Society, FSB, Doing Business as Christiana Trust, etc., Plaintiff-Appellant,
v
AmTrust Title Insurance Company, Defendant-Respondent.

Delbello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains (Eric J. Mandell of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about March 28, 2024, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiff's predecessor in interest obtained a first mortgage, followed by a second mortgage that was consolidated with the first mortgage to create a Consolidation, Extension, and Modification Agreement (CEMA). In connection with the CEMA, nonparty Security Title Guarantee Corporation of Baltimore issued a loan policy of title insurance in the insured amount of $3,000,000 (the security policy). By assignment of mortgage, the CEMA was thereafter assigned to plaintiff, which is the current holder.
Initially, this action is not premature. In relation to a separate foreclosure action, plaintiff made a claim for coverage under defendant's title insurance policy, and defendant denied that claim. Thus, to the extent defendant denied the claim, a justiciable controversy exists as to defendant's obligation to defend and indemnify under the policy (see Allergan Fin., LLC v Pfizer Inc., 188 AD3d 402, 403-404 [1st Dept 2020]).
As to the merits, the CEMA, by its terms, effectuated a new single lien upon the mortgaged property in the principal sum of $3,000,000 (see Ridgewood Sav. Bank v Glickman, 197 AD3d 1189, 1190-1191 [2d Dept 2021]). When the mortgages were consolidated into a single lien superseding all prior liens, the first mortgage no longer secured an "estate or interest" in the property as required to continue coverage under the title insurance policy issued by defendant (see E.C.I. Fin. Corp. v First Am. Tit. Ins. Co. of N.Y., 121 AD3d 833, 834 [2d Dept 2014]). Nor was plaintiff a successor in ownership under defendant's policy (cf. Wells Fargo Bank, N.A. v Douglas, 186 AD3d 532, 534 [2d Dept 2020]; Benson v Deutsche Bank Natl. Trust, Inc., 109 AD3d 495, 497-498 [2d Dept 2013]). Because plaintiff was not an assignee under defendant's policy, it lacks privity with defendant and does not have standing to sue. Notably, even if plaintiff could be considered an insured under its policy, plaintiff would first have to exhaust the security policy as the primary policy (see Matter of Allcity Ins. Co. [Sioukas], 51 AD2d 525, 525 [1st Dept 1976], affd 41 NY2d 872 [1977]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025