OPINION OF THE COURT
Per Curiam.
Order and judgment each entered on or about February 27, 2002 reversed, without costs, defendant’s counterclaims are dismissed and judgment is awarded to plaintiff on the main action in the principal sum of $2,148.59.
The doctrine of res judicata requires dismissal of the breach of contract and fraud counterclaims interposed by defendant in this small claims action, since defendant had the opportunity to raise those claims in the prior Supreme Court declaratory judgment action between these parties and involving the same real estate transaction (see, Sandcham Realty Corp. v Taub, 299 AD2d 220, 221 [2002]). Common to both proceedings was the issue of whether or not defendant defaulted under the payment terms of the mortgage note, a question necessarily hinging upon the defendant’s claimed entitlement— expressly asserted by defendant in both actions — to offset from the loan amount the replacement cost of allegedly defective kitchen appliances. In this posture, and given the identity of issue between the two actions, defendant is barred by the adverse result in the declaratory judgment action from relitigating the question of her indebtedness under the note. That the former declaratory judgment action ultimately was resolved on the basis of defendant’s default is immaterial, for “res judicata embraces not only those matters which are actually litigated before a court but also those relevant issues which could have been litigated” (Buechel v Bain, 275 AD2d 65, 72 [2000], quoting Boorman v Deutsch, 152 AD2d 48, 53 [1989], lv dismissed 76 NY2d 889 [1990]; see, Trisingh Enters. v Kessler, 249 AD2d 45 [1998]). In the absence of any viable defense to the small claims action, plaintiff is entitled to judgment as a matter of “substantial justice” consistent with substantive law principles (see, CCA 1807).
From a procedural standpoint, we note the improper admission at trial of unsworn defense testimony. Contrary to *52 the court’s stated view, the unelaborated status of two defense witnesses as “officers of the court” provided no basis for dispensing with a formal oath (see, Prince, Richardson on Evidence § 6-104 [Farrell 11th ed]). All persons testifying in a civil action, irrespective of profession or affiliation to the court system, must “go through the same swearing ceremony required of all witnesses.” (Siegel, NY Prac § 388, at 624 [3d ed]; see, CPLR 2309 [b].) While our merits determination in this matter makes it unnecessary for us to dispositively determine whether the unobjected to admission of unsworn testimony would alone warrant reversal and a new trial (see, Weinstein-Korn-Miller, NY Civ Prac 1i 2309.05), we caution that compliance with mandatory oath requirements is no less important in the context of small claims trials than it is in civil trials generally. The salutary functions of a formal oath — “to awaken the witness to his moral duty to tell the truth . . . and ... to deter false testimony by providing a legal ground for perjury prosecutions” (Matter of Brown v Ristich, 36 NY2d 183, 189 [1975]) — apply with equal force regardless of the judicial forum selected for litigation.
McCooe, J.P, Davis and Gangel-Jacob, JJ., concur