■ MICHAEL PETROLLE, Appellant, v SHAWN GLAVIN, Respondent. [931 NYS2d 539]—

McCarthy, J.

The parties entered into a residential lease agreement whereby plaintiff would rent an apartment from defendant. After plaintiff moved out of the apartment at the end of the lease term, he brought this small claims action seeking, among other things, the return of his security deposit. At the hearing, defendant raised a counterclaim for damages to the apartment. The Town Court of the Town of Milford (Moore, J.) entered a judgment in favor of defendant on his counterclaim. On appeal, County Court found that plaintiff was entitled to a credit and modified the judgment by reducing the amount. Plaintiff appeals, challenging so much of the order as affirmed the judgment of Town Court.

Town Court did not err in considering defendant's counterclaim. If a defendant does not file a counterclaim within five days of receiving the notice of claim, "the defendant retains the right to file the counterclaim, however the claimant may, but shall not be required to, request and obtain adjournment of the hearing to a later date" (UJCA 1803 [c]; *see* 22 NYCRR 214.10 [i]). Plaintiff did not request an adjournment, and he was not entirely surprised because he had previously received a letter from defendant detailing the alleged damage to the apartment and costs of repair and cleaning. Thus, the court properly exercised its discretion by proceeding with the hearing.

Nevertheless, reversal is required here because none of the witnesses "testified" under oath. Court rules on small claims procedure direct that "[a]n oath or affirmation shall be administered to all witnesses" (22 NYCRR 214.10 [j]). Consistent with the ancient practice that an oath be administered to ensure that witnesses tell the truth, each witness must be sworn

before testifying in any civil proceeding, even a small claims hearing (*see* 22 NYCRR 214.10 [j]; *Trensky v Johnson*, 1 Misc 3d 50, 52 [2003]; *see also* UJCA 1804 [directing that rules governing Supreme Court practice apply in justice courts to the extent that they can be made applicable and are not in conflict with the UJCA]; CPLR 2309 [b]). Because none of the witnesses testified under oath, Town Court did not comply with court rules and the evidence relied upon by the court was not competent. Hence, we are unable to determine whether "substantial justice has not been done between the parties according to the rules and principles of substantive law" (UJCA 1807), and plaintiff is, therefore, entitled to a new hearing.

Peters, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Town Court of the Town of Milford for further proceedings not inconsistent with this Court's decision.