Bruce Tucker, Respondent, 
against
Certified Automotive Services and Charlie H. Day, III, Appellants.




Vincent P. Nesci, P.C. (Vincent P. Nesci of counsel), for appellants.
Bruce Tucker, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Port Chester, Westchester County (Matthew J. Troy, III, J.), entered January 18, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,000.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Justice Court for a new trial.
In this small claims action, plaintiff seeks to recover the money he paid defendants pursuant to an oral contract for the purchase of a used car, which contract was subsequently cancelled. At a nonjury trial, plaintiff testified that he had paid defendants a total of $2,000 towards a $2,800 purchase price. Defendant Charles H. Day, III, who appeared individually and on behalf of defendant Certified Automotive Services, stated that plaintiff had only paid $1,000 towards the purchase price. Following the trial, the Justice Court awarded plaintiff the principal sum of $2,000.
On appeal, defendants contend that a new trial is required because the trial judge was biased and because Day was not sworn.
We find nothing in the record to indicate that the trial judge was biased. However, all persons testifying in a civil action must be sworn (see Karim v Khelawan, 59 Misc 3d 136[A], 2018 NY Slip Op 50516[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Remy v Elegant HVAC, Inc., 51 Misc 3d 146[A], 2016 NY Slip Op 50742[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Tello v Dylag, 47 Misc 3d 141[A], 2015 NY Slip Op 50617[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Platinum Ridge Hoa, Inc. v Rovenskiy, 24 Misc 3d 136[A], 2009 NY Slip Op 51501[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see also Diederich v Del Prior, 18 Misc 3d 132[A], 2008 NY Slip Op 50084[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; Trensky v Johnson, 1 Misc 3d 50, 52 [App Term, [*2]1st Dept 2003]). Any form of oath is satisfactory as long as it is "calculated to awaken the conscience and impress the mind of the person taking it in accordance with his religious or ethical beliefs" (CPLR 2309 [b]). While the record indicates that plaintiff was sworn before he testified, defendant Day was not sworn. The judgment, which rested solely upon a finding as to the relative credibility of the witnesses, thus failed to render substantial justice between the parties according to the rules and principles of substantive law (see UJCA 1804, 1807; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Accordingly, the judgment is reversed and the matter is remitted to the Justice Court for a new trial.
TOLBERT, J.P., BRANDS and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 06, 2018