Osipova v Koss & Schonfeld (2020 NY Slip Op 51297(U))

[*1]

Osipova v Koss & Schonfeld

2020 NY Slip Op 51297(U) [69 Misc 3d 136(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-713 K C

Lyudmila Osipova, Appellant, 
against
Koss and Schonfeld, LLP, Respondent. 

Lyudmila Osipova, appellant pro se.
Vivian Sobers, Esq., for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered October 30, 2018. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of
$4,981.22.
In this small claims action, plaintiff seeks a return of "wrongful fees paid" to get her file back
from defendant, her prior attorney. At a nonjury trial, plaintiff testified that she had hired
defendant as her attorney in an underlying action. Defendant ultimately withdrew as counsel,
informing her that it could not obtain an expert to oppose a motion for summary judgment and
would not turn over her file until plaintiff paid it $4,981.22. Plaintiff paid $4,981.22 to obtain her
file and stated that at no time was she told that this payment represented disbursements.
Defendant presented no witnesses at trial. Defense counsel introduced a letter defendant sent to
plaintiff's subsequent counsel listing its disbursements and an invoice submitted to defendant by
a court reporter. Following a nonjury trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to determining whether substantial justice
[*2]was done between the parties according to the rules and
principles of substantive law (see CCA 1807; see also CCA 1804). Upon a review
of the record, we find that the judgment failed to render substantial justice in this action.
Defendant failed to submit competent evidence with respect to what it says were its $4,981.22 in
disbursements.
Although a small claims court is not bound by statutory provisions or rules of practice,
procedure, pleading or evidence (see CCA 1804), a small claims judgment may not stand
on hearsay alone (see Zelnik v Bidermann Indus. U.S.A., 242 AD2d 227 [1997];
Levins v Bucholtz, 2 AD2d 351 [1956]; Hudson House LLC v Pointdujour, 5 Misc 3d 136[A], 2004 NY
Slip Op 51547[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). Here, the only
evidence submitted by defendant's counsel was a letter defendant allegedly sent to plaintiff's
subsequent counsel setting forth defendant's disbursements and an invoice by a court reporter. As
noted, defendant had no witness available to testify at the trial. Documents, which are admitted
into evidence without any foundation, are not legally competent to establish the amount of
defendant's disbursements for which it seeks reimbursement. In view of the foregoing, plaintiff
was entitled to recover the amount sought in this action.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment in favor of plaintiff in the principal sum of $4,981.22.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020