Adams v Dholichand (2021 NY Slip Op 50302(U))

[*1]

Adams v Dholichand

2021 NY Slip Op 50302(U) [71 Misc 3d 131(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1734 Q C

Michael Adams, Respondent,
against
Surin Dholichand and Automotive Solutions, Inc., Appellants.

Randall B. Smith, P.C. (Randall B. Smith of counsel), for appellants.
Michael Adams, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Phillip
Hom, J.), entered June 18, 2019. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $3,522.32.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for the entry of a judgment dismissing the action. 
Plaintiff commenced this small claims action to recover the sum of $3,522.32 representing
additional premiums plaintiff was charged by his automobile insurance carrier, allegedly due to a
motor vehicle accident caused by the negligence of defendant Surin Dholichand, the president of
defendant Automotive Solutions, Inc., when he test-drove plaintiff's vehicle. Following a nonjury
trial, the court awarded plaintiff the principal sum of $3,522.32.
Appellate review of a small claims judgment is limited to determining whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584, 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, although small claims
courts are not bound by statutory provisions or rules of practice, procedure, pleading or evidence
(see CCA 1804), a small claims judgment may not be based on hearsay alone (see
Zelnik v Bidermann Indus. U.S.A., 242 AD2d 227, 228 [1997]; Levins v Bucholtz, 2
AD2d 351, 351-352 [1956]; Hudson
House LLC v Pointdujour, 5 Misc 3d 136[A], 2004 NY Slip Op 51547[U] [App Term,
[*2]2d Dept, 2d & 11th Jud Dists 2004]). As the evidence
proffered by plaintiff in support of his contention that defendants were liable for the increased
premiums was based solely on hearsay, plaintiff failed to establish a basis for imposing liability
on defendants (see Osipova v Koss
& Schonfeld, 69 Misc 3d 136[A], 2020 NY Slip Op 51297[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2020]; Weinstein v Shy Fox Farm, 48 Misc 3d 133[A], 2015 NY Slip Op
51071[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Consequently, the judgment
failed to render substantial justice between the parties according to the rules and principles of
substantive law (see CCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment dismissing the action.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 9, 2021