Ellner v Ultimate Auto Body (2022 NY Slip Op 51104(U))

[*1]

Ellner v Ultimate Auto Body

2022 NY Slip Op 51104(U) [77 Misc 3d 126(A)]

Decided on October 14, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 14, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2022-7 W C

Sidney Ellner, Appellant,
against
Ultimate Auto Body, Respondent.

Sidney Ellner, appellant pro se.
Ultimate Auto Body, respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Justice Court of the
Town of Bedford, Westchester County (David A. Menken, J.), entered January 11, 2022.
The judgment, after a nonjury trial, awarded plaintiff the principal sum of
$1,192.12.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to
the Justice Court for a new trial.
In this small claims action, plaintiff seeks to recover the sum that he paid to have his
car released from storage. At a nonjury trial, statements were made by plaintiff and by a
witness for defendant, who was only identified in the transcript as "Mr. Beobide."
Neither plaintiff nor Mr. Beobide was sworn, nor did Mr. Beobide indicate his
relationship to defendant.
"[A]ll persons testifying in a civil action, even a small claims action, must be sworn"
(Diederich v Del Prior, 18
Misc 3d 132[A], 2008 NY Slip Op 50084[U], *2 [App Term, 2d Dept, 9th &
10th Jud Dists 2008]; see also
Remy v Elegant HVAC, Inc., 51 Misc 3d 146[A], 2016 NY Slip Op 50742[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Platinum Ridge Hoa, Inc. v
Rovenskiy, 24 Misc 3d 136[A], 2009 NY Slip Op 51501[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2009]; Trensky v Johnson, 1 Misc 3d 50 [App Term, 1st Dept
2003]). Indeed, the Small Claims Part procedures require that an oath or affirmation be
administered to all witnesses (see 22 NYCRR 214.10 [j]).
As the plaintiff's entire case rested only upon the unsworn testimony of plaintiff and
defendant's rebuttal rested only upon the unsworn testimony of defendant's unidentified
witness, the judgment is reversed and the matter is remanded to the Justice Court for a
new trial.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 14, 2022