Gil v Nunzio Bros. (2025 NY Slip Op 51966(U))

[*1]

Gil v Nunzio Bros.

2025 NY Slip Op 51966(U)

Decided on December 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., GRETCHEN WALSH, JOSEPH R. CONWAY, JJ

2024-622 N C

John Gil, Appellant,
against
Nunzio Brothers, Respondent. 

Milber Makris Plousadis & Seiden, LLP (Joseph J. Cooke of counsel), for appellant.
Meir Moza, for respondent (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Fourth District (Arieh D. Schulman, J.), entered June 4, 2024. The judgment, after a nonjury trial, dismissed plaintiff's cause of action and awarded defendant the principal sum of $5,000 on its counterclaim.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for a new trial.
Plaintiff commenced this small claims action to recover a $4,900 deposit that he gave defendant on a job to recanvas his boat, alleging that defendant failed to timely perform the work. Defendant counterclaimed to recover $5,000 for breach of contract for work it alleged to have performed. After a nonjury trial, the District Court (Arieh D. Schulman, J.) entered a judgment on June 4, 2024 dismissing plaintiff's cause of action and awarding defendant $5,000 on its counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
At the trial, defendant's claims, both as to its counterclaim and in opposition to plaintiff's proof, were supported only by statements made and documents submitted by defendant's attorney. "Even in small claims court, . . . unsworn comments or arguments are of no evidentiary value" (Yildirim v Turkish Airlines, 47 Misc 3d 133[A], 2015 NY Slip Op 50468[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see Uniform Rules for Dist Cts [22 NYCRR] § 212.41 [i]; Ellner v Ultimate Auto Body, 77 Misc 3d 126[A], 2022 NY Slip Op 51104[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; Osipova v Koss & Schonfeld, 69 Misc 3d 136[A], 2020 NY Slip Op 51297[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Remy v [*2]Elegant HVAC, Inc., 51 Misc 3d 146[A], 2016 NY Slip Op 50742[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Platinum Ridge Hoa, Inc. v Rovenskiy, 24 Misc 3d 136[A], 2009 NY Slip Op 51501[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Diederich v Del Prior, 18 Misc 3d 132[A], 2008 NY Slip Op 50084[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Consequently, substantial justice (see UDCA 1804, 1807) requires a new trial.
Accordingly, the judgment is reversed and the matter is remitted to the District Court for a new trial.
DRISCOLL, J.P., WALSH and CONWAY, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 4, 2025